Williams, J.
 

 The sole question is whether there was evidence which warranted the trial court in submitting the case to the jury.
 

 Plaintiff adduced evidence showing the following: On September 1, 1936, while employed as a night watchman by the Webster Manufacturing Company in its plant at Tiffin, Ohio, and engaged in making his round about nine-thirty in the evening, during which he was required to punch key clocks, he stumbled over a press handle which extended about six inches from the floor and was thrown four or five feet against a steel stairway sustaining injury so that he became unconscious and remained so for about twenty minutes; then he got up in a dazed and dizzy condition, walked to a bench, where he sat dazed for about twenty or thirty minutes and then was relieved by the man who took the next shift. Thereupon he started for home, walked two or three blocks, became dizzy and fell down where, unable to get up, he lay in a semi-conscious condition until picked up and taken to the hospital in an ambulance. When he arrived at the hospital he was unconscious. On recovery of consciousness, it was discovered that he was afflicted with entire paralysis of his left side.
 

 Plaintiff, though about seventy-one years of age, was in general good health just prior to his alleged injury. In his fall he received scratches upon the left side of his face and a depression near or about the left temple. A physician who examined plaintiff about twelve days after the accident testified that five cervical vertebrae of the neck were split apart. Following the injury he suffered pain and lost weight. The paralysis has cleared up to some extent but not wholly.
 

 This case is anomalous in one respect. The external injuries to the face and head and the injuries to the
 
 *501
 
 vertebrae produced no apparent disability. If there was such disability, it has been and still is overshadowed or obscured by the paralysis. Therefore to be entitled to compensation plaintiff is required to prove that in his fall he sustained an injury which directly resulted in the paralysis.
 

 There is a conflict in the medical testimony as to whether the paralysis was traumatic or non-traumatic in origin. Some of the expert medical witnesses testified that the paralysis
 
 could
 
 come from a fall causing a lesion or broken blood vessel in the brain; but there was medical testimony to the contrary. Of course evidence that the paralysis
 
 could
 
 be caused by injury sustained in the fall consisted wholly of the opinions of physicians. Standing alone such evidence would be insufficient to prove the traumatic origin of the paralysis. Proof of possibility is not sufficient to establish a fact; probability is necessary.
 
 Kuhn
 
 v.
 
 Banker,
 
 133 Ohio St., 304, 312, 13 N. E. (2d), 242. There was, however, other evidence of probability, which consisted of expert medical testimony to the effect that when persons have
 
 “a
 
 stroke they usually go down sort of easy.” The surrounding circumstances showing external injury to the head, followed by unconsciousness, semi-consciousness, dizziness and finally paralysis within a short time after the accident, all bear on the question of probability.
 

 In
 
 Industrial Commission
 
 v.
 
 Lathrop, supra,
 
 the widow of the deceased employee made claim for a death award alleging that her husband in the course of his employment sustained an injury which directly caused fatal tuberculosis or accelerated latent tuberculosis, which he then had, made it active and caused his death. The only evidence of direct causal connection between the injury and death or between the injury and acceleration of death was expert medical testimony that deceased had some tuberculosis before his injury and that the injury
 
 could
 
 have lighted up, ag
 
 *502
 
 gravated or caused the latent tuberculosis to become active and culminate in death.
 

 By reason of the difference in the proof the judgment of the Court of Appeals in that case is not in conflict with the judgment of the Court of Appeals in the instant case.
 

 When all the evidence favorable to plaintiff is considered together, an inference that in his fall he sustained an injury to the brain directly resulting in paralysis would be warranted in the minds of reasonable persons. Therefore the trial court did not err in submitting the cause to the jury.
 

 For reasons given the judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Myers, Matthias and Hart, JJ., concur.