STANCIL, Appellant,

v.

K.S.B. INVESTMENT AND MANAGEMENT COMPANY, Appellee, et al.

[Cite as *Stancil v. K.S.B. Investment & Mgmt. Co.* (1991), 62 Ohio App.3d 765.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57882.

Decided Feb. 21, 1991.

*Sindell, Lowe & Guidibaldi Co., L.P.A.,* and *Steven A. Sindell,* for appellant.

*Brown, Bartunek & Worthing* and *Clarence J. Bartunek,* for appellee.

MATIA, Judge.

Plaintiff-appellant, Norma Mae Stancil, appeals from the verdict of her personal injury claim in the Cuyahoga County Court of Common Pleas, granting judgment for appellee, K.S.B. Investment and Management Co.

## I

## The Facts

## A

## The Assault and Burglary

The incident occurred on April 28, 1985. The appellant, Norma Mae Stancil, was asleep in her apartment Suite 607. Sometime in the early morning hours, appellant was awakened by an intruder who was beating her while she was in bed. The intruder took $80 and left by unlocking appellant's front door. The assailant was never apprehended.

## B

## Assailant's Entry Through a Broken Balcony Lock

Upon being called, the Lakewood Police observed that adjoining Suite 609 was vacant. The front door of Suite 609 was open and the balcony door of Suite 609 was open. Appellant's adjoining suite shares a balcony porch with Suite 609. The police further observed that appellant's balcony door was open and that one could easily traverse the Suite 609 side of the balcony to get to appellant's Suite 607. Officer Galvin of the Lakewood Police Department stated with reasonable certainty that the suspect entered the open hallway door of Suite 609, went out of the sliding glass door of Suite 609 to the balcony, crossed over to the Suite 607 side of the balcony and entered appellant's bedroom where the assault occurred. The assailant thereafter exited Suite 607 through the front door. Appellant suffered serious injuries and psychological and emotional damage as a result of the incident.

## C

## Personal Injury Claim

On April 28, 1987, appellant filed a complaint in Cuyahoga County Common Pleas Court for personal injuries against appellee K.S.B. Investment and Management Company.

## D

## Jury Trial

This action was tried to a jury on March 28, 1989 and resulted in a verdict for appellee, which judgment was entered on April 19, 1989.

## E

## Timely Appeal

Appellant filed a motion for a new trial which was denied on May 12, 1989. Appellant thereafter filed a timely notice of appeal to this Court of Appeals.

## II

## Assignment of Error I

The appellant's first assignment of error is that:

"Where appellant-tenant contended she was injured as a result of appellant property management company's failure to repair a balcony door lock leading into her suite, and where appellee contended that the lock was properly working both prior to, during and after her tenancy, it was reversible error to exclude the proffered testimony of appellant's expert, a mechanical engineer, whose inspection, when considered in light of all of the testimony, demonstrated that the lock was not working during appellant's tenancy, but that sometime after her injury and appellant's vacating the suite, the lock had been worked on so as to make it work properly."

The appellant, in her first assignment of error argues that expert testimony demonstrating the property management company's failure to repair a balcony door leading into her suite should have been permitted. Specifically, appellant argues that it was reversible error to exclude the proffered testimony of appellant's expert.

This assignment of error is not well taken.

## A

## Issue Raised: Whether Expert Testimony Proved Proximate cause

"It is well-settled that the establishment of proximate cause through * * * expert testimony must be by probability. At a minimum, the trier of fact must be provided with evidence that the injury was more likely than not caused by defendant's negligence." *Shumaker v. Oliver B. Connor and Sons, Inc.* (1986), 28 Ohio St.3d 367, 369 [28 OBR 429, 430, 504 N.E.2d 44, 46]. "Proof of possibility is not sufficient to establish a fact; probability is

necessary.  * * * " *Drew v. Indus. Comm.* (1940), 136 Ohio St. 499, 501 [17 O.O. 113, 114, 26 N.E.2d 793, 794].

In the case *sub judice,* appellant argues that her expert witness, Dr. Fox, a mechanical engineer, should have been permitted to testify on the subject of the balcony lock.  What Dr. Fox purported to testify was that the lock on the balcony door had been repaired to make it work.  The trial judge found the expert's testimony to be speculative.  When confronted with the proffered testimony, the trial court stated the following:

"It is the belief of this court, that the opinion of Dr. Fox, the expert witness and engineer, can only be based upon speculation.  He cannot pinpoint the period during which these marks were placed on the door, or the door frame. He can only speculate as to their purpose.  This court feels that speculation, conjecture, hunches, are improper, and such evidence would be inadmissible."

The evidence Dr. Fox was to present was to show that subsequent to the installation of the door, work was done on the door to permit it to work.  The incident at trial occurred in 1985.  Appellant moved out of the apartment shortly after the incident in 1985.  Dr. Fox examined the balcony door and its frame on February 24, 1989.  Consequently, Dr. Fox's examination occurred almost four years after the incident and four years after appellant left the apartment.  In accord with the reasoning of the trial court, we find that the expert testimony is tenuously related to the incident at trial.

### B

### Expert's Testimony is Insufficient to Show Proximate Cause

Evidence which only shows that a condition could have been the result of an injury is "insufficient proof to warrant submission of the cause to the jury * * *."  *Drew v. Indus. Comm., supra,* syllabus.  Dr. Fox's testimony that the door had been worked on at some time after its installation is insufficient evidence as to the existence of proximate cause at the time of appellant's injury.  Permitting the expert testimony, although relevant, was too prejudicial because of the lack of its probative value.  The trier of fact must be provided with evidence that the injury was more likely than not caused by defendant's negligence.  Opinions expressed with a lesser degree of certainty must be excluded as speculative.  *Drew, supra,* 136 Ohio St. at 501, 17 O.O. at 114, 26 N.E.2d at 794.

The court properly found that the testimony of Dr. Fox was inadmissible.

### III

### Assignment of Error II

The appellant's second assignment of error is that:

"Where appellant-tenant pleaded in her amended complaint and contended at trial that appellee property management company was liable to her as a result of appellee's violation of the housing code of the city of Lakewood, requiring every exterior door of any dwelling leased or offered for rental to be kept in sound working order and good repair, it was reversible error for the trial court to refuse to give a requested instruction on this ordinance to the jury."

The appellant in her second assignment of error argues that the trial court erred by refusing to give a requested instruction to the jury. Specifically, appellant argues that the jury instruction should have pertained to the violation of the Housing Code of the city of Lakewood rather than to the violation of the Landlord–Tenant Act.

This assignment of error is not well taken.

## A

Issue: Whether the Jury Instruction Requiring that the Jury Find
a Violation of the Landlord–Tenant Act was Sufficient

Appellant proposes that the court's jury instruction amounted to reversible error. The court instructed the jury in pertinent part that:

"A landlord who is a party to a rental agreement shall make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition."

The instruction went on to state that:

"*If you find by a preponderance of the evidence that after receiving notice of a defective condition* with respect to the balcony door and lock in question, defendant K.S.B. Investment and Management Company failed to make all necessary repairs to the balcony door and lock, then I instruct you that Defendant K.S.B. Investment and Management Company is negligent as a matter of law." (Emphasis added.)

In the foregoing instructions the court applied R.C. 5321.04. R.C. 5321.04 required the element of notice of the repair be given to the landlord. The jury instructions correctly required the jury to find the element of notice in order to find for the appellant. Appellant urges that the requirement of notice was not necessary and proposed that the court instruct the jury as per the Housing Code of the city of Lakewood in which the landlord was required to lease the premises with exterior doors that were in good working order. This court agrees with the trial court that appellant's proposed jury instructions were ambiguous.

## B

### Under R.C. Chapter 5321.04 the Landlord Requires
### Notice of the Defective Condition

R.C. Chapter 5321 governs the landlord-tenant relationship. Under the statutory scheme of R.C. Chapter 5321, a tenant has certain rights against a landlord. In *Shroades v. Rental Home* (1981), 68 Ohio St.2d 20, 22 O.O.3d 152, 427 N.E.2d 774, the court held that R.C. 5321.04 clearly imposes on landlords a duty to repair. The court held that "[a] landlord is liable for injuries, sustained on the demised residential premises, which are proximately caused by the landlord's failure to fulfill the duties imposed by R.C. 5321.04." *Shroades, supra,* 68 Ohio St.2d at 25, 22 O.O.3d at 155, 427 N.E.2d at 777.

Appellant urges the application of *Shroades* to the case at bar, but conveniently overlooks the requirement of notice which *Shroades* mandates:

"A violation of a statute which sets forth specific duties constitutes negligence *per se*. * * * However in addition to negligence *per se*, proximate cause for the injuries sustained must be established. * * * Also it must be shown that the landlord received notice of the defective condition of the rental premises, that the landlord knew of the defect, or that the tenant had made reasonable, but unsuccessful, attempts to notify the landlord." *Id.*, 68 Ohio St.2d at 25–26, 22 O.O.3d at 155, 427 N.E.2d at 778.

In the case *sub judice*, the court's instruction that "if you find by a preponderance of the evidence that after receiving notice of a defective condition with respect to the balcony door and lock * * * " was quite appropriate and sufficient according to the holding in *Shroades*. Even if the court had given the appellant's proposed instructions regarding Lakewood's Housing Code, the circumstance of the broken lock at the time of the lease would have had to be proven to establish the lessor's liability, and further, proof that the lessor had knowledge of the broken lock would have had to be met.

## C

### Conclusion

The court did not err in refusing to give the jury the appellant's proposed jury instruction. The given instruction properly and sufficiently met the requirements of R.C. Chapter 5321 which governs the landlord-tenant relationship. Under R.C. 5321.04 the landlord is liable for the injuries proximately caused by its failure to fulfill the duties imposed by the statute. In the present case, the jury did not find that the landlord received notice of the defect. Under the statute, the landlord is liable, if after having received notice of the defect, it fails to make repair. The given jury instruction

sufficiently advised the jury of the notice requirement, thus, for the foregoing reasons, the trial court is affirmed.

## IV

## Assignment of Error III

The appellant's third assignment of error is that:

"Where, during discovery, appellant propounded an interrogatory to appellee requesting identification of any documents appellee would produce at the time of trial, it was reversible error for the trial court to have admitted in evidence between 6,000 and 7,000 documents which were identified and produced for the first time in the middle of the defense case in trial and which were never previously identified, produced or even alluded to in appellee's discovery responses, at any time prior to trial, or even during appellant's case-in-chief."

The appellant in his third assignment of error argues that the trial court committed error when it admitted into evidence documents which were identified and produced for the first time at trial. Specifically, appellant argues that these admitted documents violated the Rules of Civil Procedure pertaining to discovery.

This assignment of error is well taken.

Issue: Whether the Admitted Documents Violated the Rules of Discovery

One of the purposes of the rules of discovery is to avoid surprise at trial. This court of appeals, in *Jackson v. Booth Memorial Hosp.* (1988), 47 Ohio App.3d 176, 178, 547 N.E.2d 1203, 1206, quoting *Jones v. Murphy* (1984), 12 Ohio St.3d 84, 86, 12 OBR 73, 75, 465 N.E.2d 444, 446, held that:

" 'One of the purposes of the Rules of Civil Procedure is to eliminate surprise. This is accomplished by way of a discovery procedure which mandates a free flow of accessible information between the parties upon request, and which imposes sanctions for failure to timely respond to reasonable inquiries.' "

Civ.R. 26(E) states that a party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired. However, in *Jackson,* this court reasoned that "the elements of surprise and ambush become the focus with regard to whether a free flow of information between the parties has been disrupted by deliberate actions of one of the parties." *Jackson, supra,* 47 Ohio App.3d at 179, 547 N.E.2d at 1206.

Herein, the record discloses that the appellant was surprised by what amounted to a new "ambush" of her by the admission of the bag of written work orders into evidence. The trial judge, himself, admitted that the evidence strongly supported appellee's case:

"THE COURT: This is relevant in support of the defendant's position and contentions, and although it is not substitutively [*sic*] significant in their [*sic*] case, physically volume wise, it does tend to substantiate the allegations and contentions of the defense in this case."

Accordingly, the appellant should have been given earlier notice of this prejudicial evidence by appellee's counsel. Consequently, appellant's counsel was given no time to prepare a defense or effective cross-examination with regard to the written work orders. The appellant was further harmed by the appellee's final argument on the subject.

"Now, there are some exhibits here, and we have evidence here that we did make repairs. We have Defendant's Exhibit[s] A, B, and C, and somebody made these repairs. Is it so difficult for Mrs. Stancil to go down and make a request? She must have made a request about no screen in the bedroom, and the kitchen faucet, and this was done in 607. There is name Stancil on here, suite 607. These are repair orders, and we didn't care about it. But they are saying that we are callous. *There is a whole bag of receipts in there, repair order receipts. There are 6,000 or more.* And then they say we don't make repairs, we are too busy, and we can't do it." (Emphasis added.)

Thus, the failure of the appellee to timely disclose before trial the evidence pertaining to the written work orders prejudiced the appellant. The appellant was clearly surprised and damaged by the failure of appellee to seasonably supplement discovery. Therefore, the appellant's third assignment of error is well taken.

This cause is affirmed in part, reversed in part, and remanded for further proceedings in accord with the judgment of this court.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

DYKE, J., concurs in judgment only.

KRUPANSKY, C.J., dissents.

KRUPANSKY, Chief Justice, dissenting.

Although I concur with the results reached by the majority with regard to plaintiff's first and second assignments of error, I must respectfully dissent from the majority's disposition of plaintiff's third assignment of error in which

plaintiff argues the trial court erred by admitting into evidence a large volume of documents which were produced at trial for the first time. The majority states the "trial judge, himself, admitted that the evidence *strongly* supported appellee's case." (Emphasis added.) It is hard to glean such a strong interpretation from a quote where the judge merely stated about the documents as a group that "it does tend to substantiate the allegations and contentions of the defendant."

The court further referred to the documents, holding as follows:

"THE COURT: These have no relevancy insofar as your contentions, and their contentions, except to establish the fact that it was a routine, it was a procedure by which the management was able to handle complaints, and make a personal record of them."

In the case *sub judice*, plaintiff, through the use of an interrogatory, requested a list of all documents to be produced at trial. Defendant failed to identify the documents in question stating they had been recently identified and discovered. The court interpreted plaintiff's request for production of documents to include only those documents to be introduced at trial which went to the *merits* of the case. The documents in question, however, were allowed by the trial court only for the limited purpose of showing that forms were prepared by defendant when repairs were requested by tenants and these form were prepared as a matter of routine.

More importantly, counsel could have requested the court for a continuance to have time to inspect the documents. Plaintiff failed to do so. She can not now complain she did not have sufficient time to analyze the document. In addition, plaintiff does not identify how she was prejudiced by the documents. There is no indication of the contents of the documents anywhere in the record. Accordingly then, there is no showing of how plaintiff was prejudiced by the admission of these documents. Plaintiff's only complaints are (1) surprise and (2) the volume of documents.

The Ohio Supreme Court has held as follows:

"App.R. 12(D) and Civ.R. 42(B) together authorize a court of appeals to order a re-trial of only those issues which resulted in prejudicial error. (*Charles R. Combs Trucking, Inc. v. International Harvester Co.* [1984], 12 Ohio St.3d 241, 12 OBR 322, 466 N.E.2d 883, paragraph one of the syllabus, and *Mast v. Doctor's Hospital North* [1976], 46 Ohio St.2d 539, 75 O.O.2d 556, 350 N.E.2d 429, followed.)" *State Farm Fire & Cas. Co. v. Chrysler Corp.* (1988), 37 Ohio St.3d 1, 523 N.E.2d 489, paragraph one of the syllabus. Since plaintiff has failed to demonstrate any prejudice, error, if any, is harmless.

Accordingly, I would affirm the decision of the trial court.