**BRANNON et al., Appellants,**

**v.**

**TROUTMAN, Sheriff, et al., Appellees.**

[Cite as *Brannon v. Troutman* (1992), 75 Ohio App.3d 233.]

Court of Appeals of Ohio,
Summit County.

No. 15274.

Decided May 27, 1992.

*Stephen Fallis* and *Daniel Colopy,* for appellants.

*James Gutrod; Manes, Musitano, Schrader & Assaf* and *Alfred E. Schrader,* for appellees.

REECE, Judge.

Plaintiffs-appellants, Dayton Brannon and Dennis Hill, were formerly the Chief and Sergeant, respectively, of the Twinsburg Township Police Department. In 1986, the Summit County Sheriff's Department began an investigation of these two officials. Defendant-appellee Detective Eugene Maurer was primarily in charge and was assisted by defendant-appellee Deputy Sam Williams. On November 6, 1986, Brannon and Hill were arrested and charged with theft in office. R.C. 2921.41. However, a grand jury did not return an indictment. The charges were dismissed on December 12, 1986.

An interrelated inquiry was also initiated by the Twinsburg Township Board of Trustees pursuant to R.C. 505.491. Brannon and Hill countered with a civil action against the township. Eventually, the parties reached an agreement which provided, *inter alia,* that Brannon and Hill would resign their positions. A consent judgment order was executed and filed with the Summit County Court of Common Pleas on February 18, 1987. Case No. 86–12–4236.

On October 9, 1987, Brannon and Hill filed a second complaint in the Summit County Court of Common Pleas, alleging a variety of claims including malicious prosecution, false arrest, and tortious interference with employment relations. Maurer and Williams were listed as defendants, among others, as well as defendants-appellees Summit County and Sheriff David Troutman. The township clerk, defendant-appellee Georgetta Reed, was also named in the lawsuit.

The claims against Reed were eventually resolved by summary judgment in her favor upon the basis that the consent judgment entry of February 18, 1987 barred the second action against her. Soon afterwards, the court determined that the county was statutorily immune from the lawsuit and entered a dismissal.

The case was then tried to a jury. Upon receipt of the verdict, the common pleas court entered judgment on May 7, 1991 in favor of defendants Troutman, Maurer and Williams on all claims. This appeal by Brannon and Hill follows. To facilitate discussion, the original nine assignments of error have been rearranged and consolidated where necessary.[1]

### Assignment of Error VII

"The trial court erred to the substantial prejudice of the appellants in granting defendant Georgetta Reed's motion for summary judgment where the trial court misapplied the doctrine of *res judicata* and misinterpreted the release in question."

█ Reed argued in her motion for summary judgment that Brannon and Hill waived all further claims against the township and its employees, including herself, in the consent judgment order of February 18, 1987. The agreement specifically states:

"10. Plaintiffs, DAYTON E. BRANNON and DENNIS N. HILL hereby release the TWINSBURG TOWNSHIP BOARD OF TRUSTEES, TRUSTEE JOHN CURRY, TRUSTEE BETTY MOORE AND TRUSTEE FLOYD R. JAYE, both individually and as TRUSTEES OF TWINSBURG TOWNSHIP; GEORGETTA REED, both individually and as Clerk of TWINSBURG TOWNSHIP, and all agents of TWINSBURG TOWNSHIP, including each and every member of the Twinsburg Township Police Department and the Twinsburg Township Police Department, both individually and collectively, from any and all liability and/or claims arising from the disciplinary actions brought pursuant to Sections 505.491 through 505.495 Ohio Revised Code against these Plaintiffs that could be brought from the beginning of time until December 31, 1987.

"11. Plaintiffs and Defendants specifically agree that the release herein does not apply to the Summit County Sheriff's Department, the Summit County Sheriff, its or his agents or employees."

---

1. Brannon and Hill's statement of the assignments of error only vaguely resembles the assignments of errors argued in their brief. We have attempted, nevertheless, to address each issue raised wherever it appears, regardless of this procedural violation. App.R. 16(A)(2) and (4).

In their brief to this court, Brannon and Hill maintain that this release applies only to claims arising out of R.C. 505.491, 505.492, 505.493, 505.494 and 505.495 "disciplinary actions" and not liability for false arrest, malicious prosecution, or tortious interference with employment relations. The plain language of the agreement, taken as a whole, does not support this overly narrow interpretation. The term "arise" is extremely broad and is synonymous with "originate" and "result." 6 Corpus Juris Secundum (1975 & 1991 Supp.) 525–526. The disciplinary proceedings undertaken by the township were inextricably intertwined with the arrest and attempted prosecution of Brannon and Hill. The same alleged misconduct, to a large extent, was involved in both actions. The instant lawsuit has therefore "arisen from" the very circumstances which formed the basis of the township's disciplinary proceedings. Brannon and Hill's dubious effort to sever the interrelated actions is not supported by the contractual language selected by the parties.

Even if we were to somehow find the agreement to be ambiguous in this respect, the narrow interpretation advanced by Brannon and Hill would still be unacceptable. Contracts "are not to be construed so as to arrive at absurd or impossible results." *Cincinnati v. Cameron* (1878), 33 Ohio St. 336, 364. In attempting to discern the proper meaning of an agreement, courts will assume that the parties "were each exercising reason, and give to the contract such reasonable construction as it will bear." *Ohio Crane Co. v. Hicks* (1924), 110 Ohio St. 168, 172, 143 N.E. 388, 389. Moreover, positive effect should be afforded to all terms whenever possible. *Wadsworth Coal Co. v. Silver Creek Mining & Ry. Co.* (1884), 40 Ohio St. 559, paragraph one of the syllabus.

If, as Brannon and Hill suggest, the release only applied to claims originating from the township's disciplinary proceedings, the eleventh paragraph excluding the sheriff's department from the scope of the agreement would be superfluous. That agency cannot initiate actions pursuant to R.C. 505.491 *et seq.* which obviously preclude any liability against it arising therefrom. It would be patently nonsensical for the parties to expressly preserve future claims which could never exist. More likely under the circumstance, it was understood by all concerned that the release would extend to lawsuits which could potentially include the sheriff's department as a defendant. Such an action is presently before us.

Since the consent judgment of February 18, 1987, properly construed, foreclosed all claims asserted in the complaint against Reed, no genuine issues of material fact remained to be litigated. A judgment was therefore properly

granted in her favor as a matter of law by authority of Civ.R. 56(C).[2] This assignment of error is overruled.

### Assignment of Error IX

"The trial court erred in dismissing the political subdivision, Summit County, prior to trial by using as a basis Revised Code Section 2744.02 which is an unconstitutional violation of the equal protection and due process clauses of the United States and Ohio Constitutions."

■ Prior to trial, Summit County filed a motion to dismiss on the basis of sovereign immunity. R.C. 2744.02. That statute generally precludes lawsuits against political subdivisions except in certain enumerated circumstances. R.C. 2744.02(A). Brannon and Hill did not suggest in their reply that they had pled one of the exceptions specified in R.C. 2744.02(B). Instead, they incorrectly argued that a separate enactment allowed their cause of action. All claims were thereafter dismissed against the county.

The trial judge duly recognized that the provision cited by Brannon and Hill, R.C. 2744.03(A)(5), merely set forth a *defense* available to a political subdivision and was not itself an exemption from the immunity statute. Moreover, an examination of all the pleadings confirms that Brannon and Hill could prove no set of facts, based upon the allegations, that would satisfy an R.C. 2744.02(B) exception. See, generally, *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

■ Brannon and Hill do not directly challenge this reasoning on appeal. Their brief does, however, set forth several arguments which, by all appearances, are being raised for the first time. It is a fundamental tenet of appellate procedure that errors which arise during the course of the proceedings are waived unless brought to the attention of the trial court at a time when they can be remedied. *Rosenberry v. Chumney* (1960), 171 Ohio St. 48, 50, 12 O.O.2d 56, 57, 168 N.E.2d 285, 287. Accordingly, the contentions advanced under this assignment of error will not be considered.

This assignment of error is not well taken.

---

**2.** Brannon and Hill also question whether the trial court could properly award summary judgment on the basis of *res judicata*. We need not address this issue since we have already held that the release executed by the parties independently justified the result reached. See *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174. The preclusion of a lawsuit on the grounds of express waiver is a concept separate and distinct from preclusion by operation of a prior judgment on the merits. See, generally, 63 Ohio Jurisprudence 3d (1985) 45–46, Judgments, Section 273.

### Assignment of Error II

"The trial court erred to the substantial prejudice of the appellants by permitting, over appellants' objections, opinion testimony regarding the ultimate issue of probable cause from the stipulated non-expert witness Michael Carroll."

 Brannon and Hill's third amended complaint alleged repeatedly that they were maliciously prosecuted without probable cause. In response, the defense presented Assistant Prosecutor Michael Carroll, who had been involved in the investigation of Brannon and Hill. He explained to the jurors that he had reviewed Maurer and Williams' report, examined Brannon's and Hill's employment records, met with their attorneys, and then presented the case to the grand jury. Objections were raised, and overruled, when Carroll testified that his decision to proceed with the charges was based strictly upon the strength of the evidence uncovered. Brannon and Hill contend on appeal that Carroll should have been first qualified as an expert before those statements could have been elicited. Evid.R. 701.

In *Barbeck v. Twinsburg Twp. Bd. of Trustees* (1992), 73 Ohio App.3d 587, 592, 597 N.E.2d 1204, 1207, this court noted that:

"Given its superior vantage, the trial court enjoys broad discretion in the admission and exclusion of evidence and will not be reversed absent a clear abuse which had materially prejudiced an objecting party."

It is readily apparent that Carroll's testimony was not offered to prove, as a legal matter, that there actually was probable cause to arrest Brannon and Hill, but rather to establish that the prosecution was conducted in good faith and not maliciously. One hardly needs to be an expert simply to explain his or her own state of mind and job function. The trial judge did not abuse his discretion in this regard.

This assignment of error lacks merit.

### Assignment of Error III

"The trial court erred to the substantial prejudice of appellants by admitting into evidence documents never furnished to appellants during discovery, despite appellants' timely request for production of documents intended for introduction at trial."

On June 15, 1988, Brannon and Hill served a sweeping request for documents upon the defendants. They now complain that they were not first provided with materials that were utilized during the trial.

 The trial judge enjoys considerable discretion in the regulation of discovery proceedings. *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio

St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659, paragraph one of the syllabus. Parties may request pertinent documents from each other pursuant to Civ.R. 34. If a satisfactory response is not received, a motion to compel discovery may be filed. Civ.R. 37(A)(2). If such an application is granted, continued noncompliance in violation of an order of the court is grounds for sanctions including suppression of the documents in question. Civ.R. 37(B)(2)(b).

■ As far as Brannon and Hill's citations to the record reveal, a court order compelling the production of documents was neither sought nor issued. Nor does it appear from the transcript that they specifically requested a continuance, suppression, or other remedy. Consequently, the trial judge did not err by allowing the defendants to use the disputed materials. *Sexton v. Sugar Creek Packing Co.* (1973), 38 Ohio App.2d 32, 35, 67 O.O.2d 187, 189, 311 N.E.2d 535, 537; *Dafco, Inc. v. Reynolds* (1983), 9 Ohio App.3d 4, 5–6, 9 OBR 4, 5–6, 457 N.E.2d 916, 917–918.

■ In addition, a failure to disclose documents is grounds for a reversal only if the complaining party was actually prejudiced. *Stancil v. K.S.B. Investment & Mgmt. Co.* (1991), 62 Ohio App.3d 765, 774, 577 N.E.2d 452, 457 (Krupansky, C.J., dissenting). Brannon and Hill have made no attempt to explain in practical terms how the trial court's rulings precluded them from fairly presenting their claims to the jury.

This assignment of error is overruled.

### Assignment of Error VI

"The trial court erred to the substantial prejudice of appellants by allowing assistant state auditor Harry Aylard to testify despite repeated objections regarding the prejudicial effect of his testimony on the grounds of lack of discovery, relevancy and opinion testimony from a non-expert witness."

Harry Aylard of the State Auditor's Office testified that he conducted a special audit of the township police department in 1987. His findings revealed that Brannon and Hill were compensated for time not actually worked in violation of R.C. 117.28. During the entire course of his testimony, only two objections were raised by the defense, one of which was sustained.

■ On appeal, Brannon and Hill now present a litany of complaints in regard to the examination of this witness. Because none was first addressed to the trial judge at the time they could be remedied, they are all waived. *Rosenberry, supra.* The lone objection which was overruled is not specifically discussed by the parties. Moreover, Brannon and Hill do not argue, and it does not appear, that the plain error exception applies in this instance.

*Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 209, 24 O.O.3d 316, 317, 436 N.E.2d 1001, 1002–1003.

We are aware that a motion *in limine* pertaining to Aylard's testimony was filed by Brannon and Hill prior to the proceedings. However, rulings upon such requests are purely tentative and not subject to review absent a timely trial objection. *Ireland v. Fred W. Albrecht Grocery Co.* (May 27, 1987), Summit App. No. 12725, unreported, at 2, 1987 WL 11682.

This assignment of error is not well taken.

### Assignment of Error VIII

"The trial court erred to the substantial prejudice of the appellants by allowing repeated leading questions, hearsay, and irrelevant witnesses, the cumulative effect of which was to prejudice the jury, deprive plaintiffs of a fair trial, and confuse the issues."

Brannon and Hill raise a wide variety of conclusory challenges to the common pleas judge's management of the trial. For the most part, timely objections were never raised. Accordingly, those contentions which were not preserved for review will not be considered. *Rosenberry, supra.*

▉ Brannon and Hill did protest when the defense attempted to establish specific instances of misconduct in office which went beyond the wrongdoings that formed the basis for the arrests. According to Brannon and Hill, such testimony was irrelevant and unduly prejudicial. Evid.R. 401, 402, and 403. However, the third amended complaint clearly charged that: "As a direct and proximate result of the unlawful conduct of the defendants, plaintiffs have suffered loss of their employment with the Twinsburg Township Police Department, resulting in lost earnings." The trial judge reasoned, and we agree, that the testimony of other misdeeds demonstrated valid grounds for discharge independent of the supposed false arrests and malicious prosecution. Admission of this pertinent evidence did not constitute an abuse of discretion.

Objections were also raised when a former officer of the township police department, David Wulf, mentioned that Brannon's wife had left him. This remark was necessary, nevertheless, as Wulf further explained that Brannon was unable to effectively run the station after the break-up.

Brannon and Hill took issue with defense counsel's use of what was characterized as leading questions on direct examination. Most of the objections they cite in their brief were sustained by the court. In those few

instances when the challenged question was permitted, no abuse of discretion was committed.

This assignment of error lacks merit.

### Assignments of Error

"I. The trial court committed plain error to the substantial prejudice of the appellants by instructing the jury that the affirmative defense of 'legal justification' is a complete defense to tortious interference [with] a contractual relationship, where no such defense exists as a matter of law, where no such defense was plead[ed], and where no evidence to support such claim was offered by defendants/appellees at trial."

"IV. The trial court erred to the substantial prejudice of appellants by submitting to the jury, over appellant's [*sic*] objection, the legal issue of immunity when such is purely alegal [*sic*] issue for the court alone to decide, not a factual issue for the jury."

"V. The trial court erred to the substantial prejudice of appellants when the court gave a jury charge different than the written charge, orally, qualified, modified, and explained the charge involving immunity, in violation of Revised Code Section 2315.01(G)."

By the end of the trial, the only defendants left in the action were Sheriff Troutman, Detective Mauer, and Deputy Williams. R.C. 2744.03(A)(6) expressly declares that:

"In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division, the employee is immune from liability unless one of the following applies:

"(a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;

"(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

"(c) Liability is expressly imposed upon the employee by a section of the Revised Code."

Prior to the jury charge, Brannon and Hill lodged an objection to any instruction in accordance with this statute.

Brannon and Hill assure this court that the "issue of immunity for the employees, Defendant–Appellees Mauer and Williams[,] was never raised by pleadings nor was it before the court until the morning of trial." The initial answer of Maurer and Williams clearly set forth the immunity defense in unequivocal terms.

Brannon and Hill next argue that immunity is a purely legal matter which should not have been submitted to the jurors. There can be little doubt that the existence of "malice" or "conduct manifestly outside the scope of employment" are questions of fact. When sufficient evidence is presented to allow reasonable minds to differ on these issues, the dispute should be resolved by the jury unless the parties agree otherwise. See *Isroff v. Westhall Co.* (Nov. 27, 1991), Summit App. No. 15063, unreported, at 11–13, 1991 WL 260204; 89 Ohio Jurisprudence 3d (1989) 205–211, Trial, Sections 168 through 171. The case cited by Brannon and Hill to support their proposition, *Roe v. Hamilton Cty. Dept. of Human Serv.* (1988), 53 Ohio App.3d 120, 560 N.E.2d 238, does not address immunity under R.C. Chapter 2744.

Brannon and Hill further maintain that immunity could not possibly apply to their claim of tortious interference with employment relations. Their theory at trial was that Maurer and Williams instructed the township trustees to fire them without justification. They argue that, as a matter of law, one must conclude that Maurer and Williams were acting "outside the scope of their employment" with the county thereby precluding them from raising the shield of immunity. R.C. 2744.03(A)(6)(a). Brannon and Hill overlook the substantial body of evidence indicating that their termination by the township was due to their own misconduct and not that of anyone else. Reasonable minds could conclude that Detective Maurer and Deputy Williams conducted the investigation and reported to the township trustees in accordance with their civic duties. The issue was properly entrusted to the jury whose verdict we will not overturn.

The remainder of Brannon and Hill's challenges to the jury charge were not timely presented to the trial judge. Accordingly, they are barred from review by Civ.R. 51(A). *Schade, supra,* paragraph one of the syllabus. Moreover, none of the alleged improprieties is so extraordinary as to require a finding of plain error. *Cleveland Elec. Illum. Co. v. Astorhurst Land Co.* (1985), 18 Ohio St.3d 268, 275, 18 OBR 322, 327, 480 N.E.2d 794, 800.

These assignments of error are overruled. The judgment of the court of common pleas is affirmed in all respects.

*Judgment affirmed.*

BAIRD, P.J., and COOK, J., concur.