JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiff-appellant Holly Inkster appeals the decision of the Cuyahoga County Court of Common Pleas that granted a motion for summary judgment filed by defendant-appellee Associated Estates Realty Co., which owns and manages Euclid House Apartments. Finding no error in the proceedings below, we affirm.
 {¶ 3} Inkster was injured when a vending machine located in the laundry room of Euclid House Apartments fell on her while she was purchasing a can of pop from the vending machine. Inkster was visiting her former roommate when the incident occurred. Inkster did not know how or why the vending machine fell on her, and she only remembered being on the ground, and then waking up at Metro hospital.
 {¶ 4} Inkster filed a cause of action for negligence against Associated Estates Realty Co., Euclid House Apartments, and Shamrock Vending. The claims against Shamrock Vending were settled and dismissed with prejudice. The trial court granted summary judgment in favor of Associated Estates and Euclid House Apartments, finding that Inkster did not establish that the defendants had notice that the vending machine could tip over. Inkster appeals, advancing one assignment of error for our review, which states the following:
 {¶ 5} "The trial court erred to the prejudice of the plaintiff-appellant in granting the Defendant/Appellee's Motion for Summary Judgment."
 {¶ 6} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College,150 Ohio App. 3d 169, 2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood Police Department,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel.Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191,1996-Ohio-326.
 {¶ 7} "R.C. 5321.04 imposes duties on the landlord to make repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition. Furthermore, the purpose of the statute is to protect persons using rented residential premises from injuries. A violation of a statute which sets forth specific duties constitutes negligence per se. Schell v. DuBois (1916),94 Ohio St. 93; Patton v. Pennsylvania R.R. Co. (1939),136 Ohio St. 159; Grieser v. Huntington Natl. Bank (1964),176 Ohio St. 291. However, in addition to negligence per se, proximate cause for the injuries sustained must be established. Schell
and Patton, supra. Also it must be shown that the landlord received notice of the defective condition of the rental premises, that the landlord knew of the defect, or that the tenant had made reasonable, but unsuccessful, attempts to notify the landlord." Shroades v. Rental Homes, Inc. (1981),68 Ohio St.2d 20, 25-26; Stancil v. K.S.B. Invest. Mgt. Co. (1991),62 Ohio App.3d 765, 771. In Sikora v. Wenzel,88 Ohio St.3d 493, 2000-Ohio-406, the Ohio Supreme Court clarified Shroades,
holding that "a violation of R.C. 5321.04(A)(1) (failing to comply with the Ohio Basic Building Code) constitutes negligenceper se, but that such liability may be excused by a landlord's lack of actual or constructive notice of the defective condition."
 {¶ 8} Inkster's expert claimed that vending machine manufacturers, suppliers, and service technicians were aware that this type of vending machine had a danger of tipping over and that Associated Estates had a duty to provide safe vending machines or to utilize the safety measures suggested for this vending machine. In addition, Inkster's expert asserted that if Associated Estates was not aware of the danger of vending machine tip-overs, it should have been, because the danger was foreseeable. Inkster's expert opined that Associated Estates breached its duty of care and that breach was the proximate cause of Inkster's injury.
 {¶ 9} The trial court found that Associated Estates and Euclid House Apartments were "neither the manufacturer, supplier, or technician of the vending machine that has allegedly tipped over." The trial court reasoned that in order to find the landlords liable, Inkster needed to establish that they had notice of the possibility that the vending machine would tip over. Since there was no evidence that Associated Estates had notice, either actual or constructive, the court found that there was no genuine issue of material fact.
 {¶ 10} We agree with the trial court's finding that no genuine issue of material fact exists as to whether Associated Estates had notice of the defective vending machine. As stated by the trial court, the only evidence provided suggested that manufacturers, suppliers, and technicians were aware of the defect, not landlords like Associated Estates.
 {¶ 11} Finally, we cannot agree with Inkster that the tipping over of the vending machine was a foreseeable event. The vending machine was in place for 23 years and did not fall over. As set forth long ago in Palsgraff v. Long Island RR. Co. (1928),248 N.Y. 339, 344, "the risk reasonably to be perceived defines the duty to be obeyed." To decide this case any other way would be akin to imposing strict liability.
 {¶ 12} Inkster's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Blackmon, J., concur.