[Cite as *Adlaka v. Lambrinos*, 2017-Ohio-8014.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| SAT ADLAKA, et al. | ) | CASE NO. 15 MA 0196 |
| | ) | |
| PLAINTIFFS-APPELLEES | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| MARIA LAMBRINOS, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:         Civil Appeal from the Court of Common
                                                          Pleas of Mahoning County, Ohio
                                                          Case No. 13-CV-1754

JUDGMENT:                                      Affirmed in part.  Reversed in part.
                                                          Modified.

APPEARANCES:

For Plaintiffs-Appellees:               Atty. James S. Gentile
                                                          The Liberty Building
                                                          42 N. Phelps Street
                                                          Youngstown, Ohio  44503

For Defendants-Appellants:          Atty. Gregg A. Rossi
                                                          Rossi & Rossi
                                                          26 Market Street, 8th Floor
                                                          Huntington Bank Building
                                                          P.O. Box 6045
                                                          Youngstown, Ohio  44501

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

                                                          Dated:  September 28, 2017

[Cite as *Adlaka v. Lambrinos*, 2017-Ohio-8014.]
WAITE, J.

**{¶1}** This case arises from an award of damages in a breach of contract action regarding a lease. Appellee Sat Adlaka filed suit against Appellants Ted and Maria Lambrinos for breach of a commercial lease agreement following Appellants' vacation of the premises prior to the end of the lease term. Appellants were operating the leased premises as an internet café. Appellants allege the trial court erred in failing to grant a continuance when Appellant Ted Lambrinos was unable to be present on the day of trial. Appellants also claim the trial court erred in the calculation of damages under the lease agreement. Additionally, Appellants contend the trial court erred in denying their claim for constructive eviction. Finally, Appellants argue the trial court erred in failing to grant their motion to compel filed as a result of Appellee's alleged failure to comply with Appellants' discovery request. A review of the record reveals that Appellants breached the contract by vacating the premises without notice and failing to pay rent according to the terms of the lease. The trial court did not err in denying the motion for continuance requested the morning of trial or in its decision on the discovery issue. Appellants' counterclaims for constructive eviction and commercial improvements are not supported by the record. The trial court did not err in awarding damages. Appellants failed to present their own calculation of damages and failed to object to the calculation Appellee presented at trial. We note, however, that the trial court made a miscalculation in the damage amount awarded. Appellants' assignments of error one, three and four are without merit. Assignment two has partial merit. The judgment of the trial court is affirmed in part and reversed and modified in part as to the calculation of damages.

### Factual and Procedural Background

**{¶2}** On December 15, 2010, Appellants entered into a written agreement with Appellee for a lease of premises in a plaza referred to as Suite No. 5 and 6 South of Deer Creek Plaza, in Boardman, Ohio. This lease term was scheduled to commence January 15, 2011 and expire on November 30, 2012. Appellants were to operate as an internet café during the lease term.

**{¶3}** Appellant Maria Lambrinos testified that adequate parking was a continual issue during the lease term. She claims that she telephoned Appellee approximately twenty times to complain about the issue but never informed him in writing. On or about December 25, 2011, Appellants removed their personal property and elected to vacate the premises for the remainder of the lease term without notice to Appellee. Appellee subsequently sent a letter to Appellants, dated August 1, 2012, informing them of the lease default, rent monies due, and that the premises was currently for lease. On June 26, 2013, after receiving no response from Appellants, Appellee filed suit against Appellants seeking damages for breach of the written lease agreement based on vacation of the premises and failure to pay rent.

**{¶4}** In response, Appellants filed a counterclaim alleging they were entitled to damages for commercial improvements made to the premises and for constructive eviction.

**{¶5}** On September 18, 2013, Appellants filed their first request for production of documents. Appellee filed a reply to Appellants' counterclaim on September 30, 2013. On February 19, 2014, a magistrate's order was issued

requiring that all discovery in the matter be completed by August 1, 2014. On August 4, 2014, Appellants filed a motion to compel discovery based on previous attempts to contact counsel for Appellee regarding the production of documents. On September 4, 2014, Appellee filed a notice of compliance regarding the production of documents.

{¶6} On January 30, 2015, the parties attended mediation in an attempt to resolve their issues, but to no avail. A jury trial was set for June 23, 2015. On the morning of trial, counsel for Appellants orally moved for a continuance because Appellant Ted Lambrinos was unavailable for medical reasons. Appellee did not object to the motion for continuance. The trial court denied the motion, however, noting the matter had been pending for two years and that both Appellants had signed the lease so that the matter could proceed with only Appellant Maria Lambrinos present. The parties then agreed to proceed with a bench trial before the magistrate.

{¶7} On September 2, 2015, a magistrate's decision was issued finding in favor of Appellee on the complaint and awarding damages in the amount of $29,216.00, denying Appellee's request for legal fees, and finding in favor of Appellee on Appellants' counterclaim. On September 15, 2015, Appellants filed objections to the magistrate's decision. Appellee filed a response to Appellants' objections on October 13, 2015. On October 22, 2015, the trial court issued a judgment entry overruling Appellants' objections and adopting the magistrate's decision. Appellants filed this timely appeal.

<u>ASSIGNMENT OF ERROR NO. 1</u>

THE MAGISTRATE ERRED IN ABUSING HIS DISCRETION IN REFUSING TO GRANT DEFENDANTS/APPELLANTS' MOTION FOR CONTINUANCE OF TRIAL.

**{¶8}** In their first assignment of error Appellants contend the trial court erred in failing to grant the oral motion for continuance requested on the morning the matter was set for trial. Appellants argue that the motion should have been granted because Appellant Ted Lambrinos was unavailable due to medical reasons, discovery issues remained outstanding, and counsel for Appellee had not objected to the continuance.

**{¶9}** Trial courts are granted wide discretion in managing their dockets. *State ex rel. Davis v. Pub. Emps. Retirement Bd.,* 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E. 2d 444, ¶ 18. Similarly, it is within the discretion of the trial court whether to grant a motion for continuance. *Midland Steel Prods. Co. v. U.A.W. Local 486,* 61 Ohio St.3d 121, 130-131, 573 N.E.2d 98 (1991). A reviewing court will not disturb that ruling absent an abuse of discretion. *Id.* "An abuse of discretion is more than an error of judgment; it requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable." *State v. Nuby,* 7th Dist. No. 16 MA 0036, 2016-Ohio-8157, ¶ 10, citing *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶10}** In determining whether to grant a motion for a continuance, the trial court should consider a number of factors: (1) the length of delay requested; (2) if

any prior continuances were requested and received; (3) the inconvenience to the parties and the court; (4) if the continuance is for legitimate reasons; (5) if the party requesting the continuance contributed to the circumstances giving rise to the request; and (6) any other relevant factors. *Youngstown Metro. Hous. Auth. v. Barry,* 7th Dist. No. 94-CA-147, 1996 WL 734017, at *1.

{¶11} In the instant matter, Appellants had earlier sought one continuance due to the unavailability of their counsel, which was granted. Their second motion for a continuance was made orally on June 23, 2015, the morning the jury trial was to commence. Counsel for Appellants stated that Appellant Ted Lambrinos was unavailable due to medical reasons. There was no written motion or other documentation offered in support of the motion. Counsel for Appellants stated that he had learned of Mr. Lambrinos' medical issue only the night before.

{¶12} The magistrate noted that since the complaint was filed June 26, 2013, the matter had been pending for two years. The magistrate stated:

> The Supreme Court of Ohio gives the trial courts of this county -- or this state two years, 24 months, to determine and decide and resolve other civil matters such as this. We're at the end of that time period, gentlemen. I've been trying diligently to have this case resolved during the pendency of it, quite frankly.

(Trial Tr., p. 7.)

{¶13} After a review of this record, we can find no abuse of discretion. In referring to the 24-month time period, the magistrate was presumably referring to

Ohio Supreme Court Superintendence Rules regarding the administration of court dockets. The superintendence rules are not rules of practice and procedure but are for court administrative purposes only. *State v. Lacy,* 46 Ohio App.2d 215, 217, 348 N.E.2d 381(7th Dist.1975). While a breach of contract case that had been in the court system for nearly two years with a counterclaim for constructive eviction could potentially involve complex issues, this case does not present any complexity. The trial court had granted a previous continuance and some six months earlier the parties proceeded to mediation but reached an impasse. The date for a jury trial had been pending for an extended period of time. The motion for continuance was not made in writing in advance of the jury trial but, instead, was orally requested on the morning jury trial was to commence. No support or documentation of Appellants' claims regarding Mr. Lambrinos' medical issue were offered to the court. Further, Appellants made no proffer that Mr. Lambrinos' testimony was necessary for the matter to proceed. The evidence in the record indicates that, for all intents and purposes, it was Mrs. Lambrinos who was actively engaged in running the business and had conducted all communication with Appellee regarding the lease issues. Although there was no objection by Appellee's counsel, the record reveals Appellee understood that both Appellants had signed the lease and that the trial could proceed without Mr. Lambrinos present. The parties ultimately agreed to proceed to a bench trial before the magistrate rather than empaneling a jury. Although this record shows that the trial court could have granted the continuance, we find no abuse of discretion

by the trial court in denying Appellants' oral motion for a continuance under these circumstances. Appellants' first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

THE MAGISTRATE ERRED IN FINDING DAMAGES AGAINST DEFENDANTS/APPELLANTS IN THE AMOUNT OF TWENTY-NINE THOUSAND TWO HUNDRED SIXTEEN DOLLARS ($29,216.00) AS BEING UNSUPPORTED BY THE EVIDENCE IN THE RECORD.

**{¶14}** Appellants contend the trial court erred in the award of damages to Appellee. Appellants contend the award of $29,216.00 is not supported by the evidence in the record. Appellants did not dispute liability in the trial court and acknowledged that they left the premises prior to the expiration of the lease. Similarly, Appellants do not dispute liability on appeal. Appellants argue only that the trial court erred in its calculation of damages.

**{¶15}** Breach of contract claims are reviewed under a *de novo* standard. *Latina v. Woodpath Dev. Co.*, 51 Ohio St.3d 212, 214, 567 N.E.2d 262 (1991). In order to prevail on a breach of contract claim, a plaintiff must prove the existence of a contract; plaintiff's performance under the contract; the opposing party's breach; and resulting damages. *Doner v. Snapp,* 98 Ohio App.3d 597, 600, 649 N.E.2d 42 (2d Dist.1994).

**{¶16}** Generally, money damages in a breach of contract action, "are designed to place the aggrieved party in the same position it would have been in had the contract not been violated." *State ex rel. Stacy v. Batavia Local School Dist. Bd.*

*of Edn.,* 105 Ohio St.3d 476, 2005-Ohio-2974, 829 N.E.2d 298, ¶ 26. A damage award for a breach of a commercial lease "is limited to only those damages arising from the breach which could not, by reasonable effort on [the lessor's] part without undue risk or expense, have been averted or reduced." *F. Ent. Inc. v. Kentucky Fried Chicken Corp.,* 47 Ohio St.2d 154, 160, 351 N.E.2d 121 (1976). Moreover, commercial lessees can potentially be liable for rents due under the lease agreement for as long as the property remains unrented. *Dennis v. Morgan*, 89 Ohio St.3d 417, 419, 732 N.E.2d 391 (2000). However, a commercial landlord's right to that future rent is not unfettered, as the landlord has a duty to mitigate damages caused by a breaching lessor. *Frenchtown Square Partnership v. Lemstone, Inc.,* 99 Ohio St.3d 254, 2003-Ohio-3648, 791 N.E.2d 417, ¶ 20.

**{¶17}** In the case *sub judice*, the issue of mitigation of damages is not before us. Instead, Appellants urge that the amount of damages owed should be calculated as follows: a monthly rental of $2,100 for the months of December 2011 through November 2012 totaling $25,200.00, minus the security deposit ($2,100) and previously paid last month's rent ($2,100), for a final total owed under the lease of $21,000.00. Interestingly, Appellants made no such argument and provided no such calculation to the trial court.

**{¶18}** At trial, Appellee introduced as Plaintiff's Exhibit 2 a statement of rent due dated August 1, 2012, which shows a total calculated amount due under the lease of $29,216.00. Appellee's calculation is based on the monthly rent due for the month of December of 2011 as well as January through November of 2012, along

with late fees and 2% interest. The statement also indicated that the premises were being advertised for lease for mitigation purposes, and, if leased, Appellants would be credited accordingly.

**{¶19}** Appellee introduced this statement into evidence in order to prove damages under the lease. Counsel for Appellants did not object at trial to its admission into evidence. Appellants did not present any evidence at trial to contradict the damage statement. The trial court concluded the amount of damages set forth to be reasonable.

**{¶20}** Pursuant to the lease agreement, the monthly rental for the premises was set at $2,000 per month with an additional $100 per month in rent for common area maintenance ("CAM") charges. The lease period commenced January 15, 2011 and was to expire November 30, 2012, for a total rent amount of $45,000.00 for the entire lease period. The lease also contains a provision requiring a late fee of $100 per month as well as interest at 2% per month. Section 3 of the lease agreement provides that Appellants were to pay a one month security deposit and the last month's rent at the time of signing the lease. (12/15/10 Lease Agreement, Sections 1 and 3.) The record shows Appellants owed rent for December of 2011 as well as from January of 2012 through November of that year. Included in Appellee's exhibit are copies of two checks payable to Appellee for $2000. Each one is notated "Security for 8414 Market St." The second is marked "First Month Rent." (Although the lease refers to security deposit and last month's rent, photocopies of checks introduced into evidence and undisputed at trial indicate "security deposit" and "first

month's rent" respectively and together represent a total amount of $4000 not credited to Appellants in the trial court's damages calculation.) There is no provision in the lease agreement which allows Appellee to retain these monies in the event of a default. Therefore, $4,000 must be deducted from the balance owed. Additionally, Appellee submitted his statement into evidence which included a monthly late fee of $50.00. This contradicts the provision of the lease agreement, as the lease provides that the monthly late fee is $100 per month. Lastly, Appellee's statement includes a 2% interest fee of $336 for 2011, a 2% interest fee of $2058 for January through July of 2012, and $672 for August through November of 2012. Appellee's statement lists the total interest amount as $3066. Regarding interest, the lease agreement reads, "Late fee of $100.00 plus 2% interest per month will be charged for balance due." (12/15/10 Lease Agreement, Section 4.) From the language of the lease it appears the parties agreed to a payment of 2% interest per month based upon the balance due.

{¶21} As Appellants never objected to or challenged the damages calculation admitted into evidence, they waive all but plain error. While permitted in civil cases, the Ohio Supreme Court has made it clear that plain error claims are not favored and are reserved for only the most exceptional circumstances "to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997).

**{¶22}** Appellee presented a statement of damages based on the lease terms. While this statement is based on an erroneous per month charge for late fees, this document actually understated the amount required by lease. Appellants' counsel did not object to the admission of this evidence nor did Appellants introduce any competent, contradictory evidence regarding damages at trial. On appeal, Appellants have overlooked their requirement to pay late fees and interest.

**{¶23}** Aside from this error in their favor, based on our review of the record and evidence submitted, the damages awarded by the court do not fully comply with the language of the lease agreement in a more significant way. In calculating damages, the trial court failed to credit Appellants for the two checks totaling $4000, representing a security deposit and first month's rent. There is no provision in the lease permitting Appellee to retain these funds and to allow this retention is error.

**{¶24}** As such, the trial court committed plain error in calculating damages under the lease. Appellants are entitled to be credited for the $2,000 security deposit and $2,000 first month's rent. Appellants' second assignment of error is sustained in part and the damages awarded to Appellee are hereby modified to reflect a credit of $4,000 to Appellants.

<u>ASSIGNMENT OF ERROR NO. 3</u>

THE MAGISTRATE ERRED IN DENYING DEFENDANTS/APPELLANTS' CLAIM OF CONSTRUCTIVE EVICTION AND DENYING THE COUNTER-CLAIM OF DEFENDANTS/APPELLANTS.

**{¶25}** Appellants contend the trial court erred in granting their counterclaim for constructive eviction based on the evidence presented. Specifically, Appellants claim that the parking situation had become so intolerable as to prevent Appellants from performing under the lease.

**{¶26}** At the outset, it should be noted that Appellants have not supported their arguments on this issue with legal authority. This alone would be grounds for us to disregard the assigned error. App.R. 12(A)(2) and 16(A)(7). In the interest of justice, however, we will review Appellants' allegation. Constructive eviction occurs when "the acts of interference by the landlord compel the tenant to leave, and * * * he is thus in effect dispossessed, though not forcibly deprived of possession." *Sciascia v. Riverpark Apts.,* 3 Ohio App.3d 164, 166, 444 N.E.2d 40 (1981). Constructive eviction occurs, then, when the landlord's conduct is such that the tenant can no longer perform under the lease.

**{¶27}** Appellants argue that the patrons of a nearby bar parked throughout the common parking in such numbers they prevented Appellants' patrons from parking and entering the leased premises. Attempting to extend the behavior of an adjoining tenant's patrons to the landlord is already a somewhat tenuous position, and the record reveals almost no evidence was presented by Appellants. Appellant Maria Lambrinos testified that she called Appellee's office "at least 20 times" about the parking issue. (Trial Tr., p. 71.) Appellee testified that there was only one call. *Id.* at 27. Appellee testified that after he spoke to Mrs. Lambrinos about her parking concerns he agreed that Appellants could place signs in front of their premises

stating that the designated spots were for their patrons only. Appellants acknowledged at trial that they never sent any written notice to Appellee about the parking issue before electing to vacate the premises and stop paying rent.

{¶28} Although Appellants spend a great deal of time discussing the parking issue both at trial and in their appellate brief, they have cited to no legal authority which would hold the landlord liable, here. Appellants never submitted any written notice to Appellee about their concerns, but phoned him to discuss the issue. Appellee agreed to additional signage and to allow reserved parking spaces for Appellants' patrons. Appellee also presented testimony that the number of parking spaces provided for the entire plaza met and, in fact, exceeded the number required by the Boardman, Ohio zoning requirements. Based on the evidence presented at trial and in the record, the trial court did not err in deciding Appellants did not meet their burden for proving constructive eviction in their counterclaim. Appellants' third assignment of error is without merit and is overruled.

<u>ASSIGNMENT OF ERROR NO. 4</u>

THE MAGISTRATE ERRED IN ABUSING HIS DISCRETION BY FAILING TO PROPERLY MONITOR DISCOVERY AND FAILING TO ORDER PLAINTIFFS/APPELLEES TO COMPLY WITH DEFENDANTS/APPELLANTS' MOTION TO COMPEL.

**{¶29}** In their fourth assignment of error, Appellants assert the trial court erred in failing to order Appellee to comply with their discovery request. As earlier noted, the trial court has wide latitude in managing its docket. *State ex rel. Davis*, *supra*, at ¶ 18. Moreover, it is axiomatic that a court speaks only through its journal entries. *In re Bell,* 7th Dist. No. 04 NO 321, 2005-Ohio-6603, ¶ 55. Outstanding motions on which a trial court fails to explicitly rule are deemed denied once a final judgment is entered by the court. *State v. Kelso,* 7th Dist. No 12 MA 188, 2015-Ohio-2091, ¶ 45. The determination whether to grant discovery requests is also within the sound discretion of the trial court. *Brannon v. Troutman,* 75 Ohio App.3d 233, 239-240, 598 N.E.2d 1333 (1992). Parties may request certain items, including documents, during the discovery phase of the trial and, if a satisfactory response is not received the parties may file a motion to compel as a final recourse on the issue. *Id.*

**{¶30}** In the instant matter, Appellants contend Appellee never complied with their request for production of documents. This request, dated September 18, 2013, included: (1) "any documents" pertaining to Appellants directly; (2) a copy of lease agreements for the premises at issue between Appellee and any party from January 2010 to the present; (3) any document relating to the premises from any local

government or county official from January 2010 to the present; and (4) any documents relating to the premises from Appellee to any local or county government official. Counsel for Appellants sent two letters to counsel for Appellee without response. Appellants subsequently filed a motion to compel discovery with the trial court on August 4, 2014. However, the record reveals Appellee filed a notice of compliance with discovery on September 4, 2014.

**{¶31}** The issue was not raised by Appellants at trial during the discussion of preliminary matters. Moreover, the trial court had set a discovery deadline early in the case which was exceeded by Appellants in their discovery requests. As Appellants did not raise the discovery matter at trial, we must utilize the plain error standard. It appears from the record before us that, although somewhat tardy, Appellee did comply with Appellants' discovery request. Appellants did not raise the issue again before the trial court. No reversible error exists where the discovery issue was addressed by Appellee prior to the matter going to trial and Appellants failed to raise the issue with the trial court before a final judgment was entered. Appellants' fourth assignment of error is without merit and is overruled.

**{¶32}** In conclusion, the trial court did not err in failing to grant Appellants' counterclaim for constructive eviction based upon the record and evidence before us. The trial court also did not err in denying Appellants' motion for a continuance made on the day of trial or in failing to rule on Appellants' motion to compel regarding discovery. Moreover, Appellants did not object to the damages award and have waived all but plain error. Based on the language of the lease agreement, however,

the trial court did miscalculate its damage award. Based on the foregoing, the judgment of the trial court is affirmed in part and reversed in part, and the order of the trial court is modified to reflect an award of damages consistent with this Opinion crediting Appellants in the amount of $4,000, representing Appellants' security deposit and first month's rent under the lease.

Donofrio, J., concurs.

Robb, P.J., concurs.