THE STATE OF OHIO, APPELLEE, *v.* GRAY, APPELLANT.

[Cite as State v. Gray, 1 Ohio St. 2d 21.]

(No. 38488—Decided December 29, 1964.)

*Mr. Raymond E. Shannon,* prosecuting attorney, and *Mr. Leonard Kirschner,* for appellee.
*Mr. Allen Schwartz,* for appellant.

HERBERT, J. An early or "speedy" trial of accused persons is a protection to the rights of an individual which deeply concerned the authors of our federal and state Constitutions, and implementing legislation has been the object of care by the General Assembly of Ohio.

Section 10, Article I of the Constitution of the state of Ohio, is in part as follows:

"* * * In any trial, in any court, the party accused shall * * * have * * * a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed * * *."

The implementing legislation consists of Sections 2945.71 to 2945.73, inclusive, Revised Code of Ohio, which follow:

Section 2945.71:

"No person shall be detained in jail without a trial for a continuous period of more than two terms after his arrest and commitment on an indictment or information, or, if he was in jail at the time the indictment or information was found, more than two terms after the term at which the indictment or information was presented. *He shall be discharged unless a continuance is had on his motion or the delay is caused by his act.*" (Emphasis added.)

Section 2945.72 provides:

"A person shall not be held by recognizance without trial

for a period of more than three terms to answer an indictment or information, not including a term at which a recognizance was first taken thereon, if taken in term time. He shall be discharged unless a continuance is had on his motion, or the delay is caused by his act, or there is not time to try him at such third term, in which case he shall be brought to trial at the next term or be discharged.''

Section 2945.73 reads:

''When application is made for the discharge of a person under Section 2945.71 or Section 2945.72 of the Revised Code, if the court is satisfied that there is material evidence for the state which cannot be had, that reasonable effort has been made to procure it, and that there is just ground to believe that such evidence can be had at the next term, the cause may be continued and the prisoner remanded or admitted to bail. If he is not brought to trial at the next term thereafter, he shall then be discharged. The discharge of the accused under this section or Section 2945.71 or Section 2945.72 of the Revised Code is a bar to further prosecution for the same offense.''

It appears clear that the General Assembly intended to distinguish between rights accorded an accused person ''detained in jail'' and one admitted to bail, when it enacted Sections 2945.71 and 2945.72 of the Revised Code.

Appellant was held in jail without trial from April 17, 1962, until February 15, 1963, a period of about 10 months, or more than two terms after the term in which he was indicted.

Appellant did not request a continuance, nor did he contribute to the delay in his trial in any manner whatsoever, but on the contrary filed three separate applications for discharge as provided by statute—one on December 18, 1962, a second one on January 2, 1963, and the third such application on February 13, 1963, whereupon he was finally brought to trial. On February 15, 1963, the jury returned a verdict of guilty, and, on the same day, appellant was sentenced to life imprisonment in the Ohio Penitentiaary.

The record in the instant cause discloses that the state took the deposition of a witness in Florida on August 13, 1962. All other material evidence was available to the state for presentation at a trial. Both the state and the defense were then and there ready to proceed to trial in the third term of court end-

ing on September 30, being the first term after return of the indictment. The accused was not brought to trial during the fourth term of 1962, being the second term following return of the indictment and also the term "thereafter," as is provided in Section 2945.71 of the Revised Code, *supra*. Furthermore, he was not brought to trial until February 13 during the first term of 1963, to wit, the January term, five and one-half months after both sides were ready and willing to go to trial and more than two full terms after the term in which the indictment was returned.

In *State* v. *Cunningham,* 171 Ohio St., 54, the accused was "held to recognizance." He filed an application for discharge during the time limited by Section 2945.72, Revised Code. The application was denied upon a showing specified in Section 2945.73 of the Revised Code that he was not entitled to discharge. Furthermore, a continuance was granted upon sufficient grounds.

In the case at bar, none of the reasons for delay in setting the cause for trial as provided by the statutes was present.

*Johnson* v. *State,* 42 Ohio St., 207, is readily distinguished from the case at bar. Several continuances were granted without showing the reasons therefor on the record. The court ruled, paragraph one of the syllabus, "* * * the court will presume the continuance was upon sufficient ground in the absence of anything in the record to the contrary * * *." Further delay was occasioned by absence of material witnesses.

In *Erwin* v. *State,* 29 Ohio St., 186, the accused made application for discharge for the reason that he was not brought to trial before the end of the third term after the indictment was found. The application was filed on the 13th day of September 1875, being two days before the end of the term. The court refused the application on September 15, the last day of the third term. The court, in its opinion, at page 189, has the following to say on this point:

"Two days thereafter, to wit: on the 15th of the month, the same being the last day of the term, and the state being then ready to proceed to trial, this motion was overruled by the court and the cause continued, for the reason that there was no time to try the cause at that term."

During the argument of this cause to this court, counsel for

the state gave, as the only excuse for a delay of approximately ten months in setting this cause for trial, that a courtroom was not available. It was conceded that there were ten rooms available for the trial of causes in the courthouse of Hamilton County. Civil cases were continuously being tried during the period of time the accused was in jail waiting for trial, and it appears further that persons indicted subsequent to the return of the indictment of the accused, were also tried and/or their cases were otherwise disposed of.

Section 2945.02 of the Revised Code, in part, provides:

"The Court of Common Pleas shall set all criminal cases for trial for a day not later than 30 days after the date of entry of the plea of the defendant. No continuance of the trial shall be granted except upon affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance. * * *

"Criminal cases shall be given precedence over civil matters and proceedings * * *."

We recognize that the last-quoted provisions of the statute, Section 2945.02, are directory only and not mandatory, but nevertheless it was clearly the intent of the General Assembly to recognize the necessity of reasonable promptitude in the trial of criminal cases.

We do not believe that the excuse offered is sufficient ground upon which to refuse to discharge the appellant within the provisions of the statutes made and provided. For approximately ten months the appellant was in jail while civil cases were being disposed of and subsequently indicted persons were brought to trial or their causes otherwise disposed of.

We are reluctant to reverse the judgment of the Court of Appeals and order a guilty man released. However, the duty of this court appears clear. This appellant was denied the rights given him by the mandatory provisions of both the federal and state Constitutions and the statutes of Ohio.

The judgment of the Court of Appeals is reversed, and the appellant is ordered discharged from custody.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, GRIFFITH and GIBSON, JJ., concur.

TAFT, C. J., concurring. The decision in *State* v. *Cunningham,* 171 Ohio St., 54, 167 N. E. (2d), 897, is apparently based upon those words in Section 2945.72, Revised Code, providing against discharge of a defendant where "there is not time to try him at such third term." Those words of limitation are not included in Section 2945.71, Revised Code. Section 2945.72, Revised Code, applies to a person "held by recognizance" while Section 2945.71 deals with a person "detained in jail." It is apparent that the latter section (2945.71) and not the former (2945.72) is applicable to the appellant.

The legislative history of the three sections of the Revised Code quoted in Judge Herbert's opinion shows that they were first enacted as three separate sections in 1868 and have so continued as three separate sections to the present time in substantially the same form as when first enacted. Apparently, the General Assembly in enacting these three separate sections recognized that the situation of one "detained in jail" was more serious than that of one "held by recognizance."

For similar reasons the cases of *Erwin* v. *State,* 29 Ohio St., 186, 23 Am. Rep., 733, and *Johnson* v. *State,* 42 Ohio St., 207, are distinguishable from the instant case.

The principal contention of the state is that Section 2945.73, Revised Code, by implication recognizes the right of the state to try this defendant after the end of the second term after the term at which the indictment was presented against him. The foundation for this contention is that that statutory section recognizes the necessity of an "application * * * for * * * discharge" and the assumption that such application cannot be made before the end of the second term after the term at which the indictment was presented. If that assumption is correct, then the state may, by reason of the provisions of that statutory section, secure a continuance in the third term after the term in which the indictment was presented to a subsequent term where "there is material evidence for the state which cannot be had, * * * reasonable effort has been made to procure it, and * * * there is just ground to believe that such evidence can be had at the next term."

It is then argued that, if the state may secure such a continuance from the third to a fourth term after the term at which such indictment was presented, it would be absurd to hold

that the state cannot, without seeking such a continuance, go forward at that time with its prosecution, *i. e.*, during the third term after the term at which the indictment was presented.

In our opinion, the fallacy in this contention is the assumption upon which it is based, *i. e.*, that an application for the discharge of a person under Section 2945.71 cannot be made until the third (not the second) term after the term at which the indictment was presented. Such assumption is irreconcilable with the words of Section 2945.71, Revised Code, and there is nothing in Section 2945.73, Revised Code, to support it. So far as the words of Section 2945.73, Revised Code, are concerned, it would appear that such application can be made in the second term after the term at which the indictment was presented. This court has so held. *Ex parte McGehan,* 22 Ohio St., 442. See *State* v. *Cunningham, supra* (171 Ohio St., 54, 57). Where such an application is made at that time, the court can then allow a continuance as provided in Section 2945.73, Revised Code, but not beyond the third term after the term at which the indictment was presented. Admittedly, no effort was made by the prosecutor to take advantage of Section 2945.73, Revised Code, since no application of the sort described in that section was made before the end of the second term after the term at which the indictment was presented against the appellant.