OPINION
Appellant, Walter C. Barnes, was indicted for robbery in violation of Ohio Revised Code Section 2901.12, by the grand jury of Hamilton County, Ohio, on the 20th day of September, 1962, being a day in the July 1962 term of court. He was taken into custody and entered a plea of not guilty on September 24, 1962.
Counsel was appointed for the defendant and bond set by the court on the day of arraignment and plea. No bond was furnished and the defendant remained in custody until trial, which occurred on May 15, 1963, that day being a day in the April 1963 term. Two terms of court intervened between indictment and trial; that is, the October 1962 and the January 1963 terms.
Notice of appeal was filed May 20, 1965, and a motion for leave to appeal, briefs and claimed errors were filed the same day. All are treated here as assignment of errors and trial briefs.
Appellant claims the trial court failed to bring him to trial within two terms of court following arraignment, and that he was thus denied a speedy trial as guaranteed under Federal and State Constitutions.
The right to a "speedy" trial is a guarantee of the Constitution of Ohio (Section 10, Article I). Enabling legislation to insure such guarantee is set forth in Sections 2945.71 to 2945.73, inclusive, of the Ohio Revised Code. Section 2945.71 of the Revised Code provides as follows:
"No person shall be detained in jail without a trial for a continuous period of more than two terms after his arrest and commitment on an indictment or information; or, if he was in jail at the time the indictment or information was found, more than two terms after the term at which the indictment or information was presented. He shall bedischarged unless a continuance is had on his motion or the delay iscaused by his act." (Emphasis ours).
No bill of exceptions is filed in this Court. The transcript of the record discloses that four journal entries of continuance of the trial were entered, one of which was entered at the request of defendant on March 21, 1963.
The facts disclosed by the record here are distinguished from the facts set forth in State v. Gray, 1 Ohio St.2d 21, 203 N.E.2d 319.
We conclude that the delay during the second term of court following defendant's arraignment was at his request, and the continuance of the trial was at the instance of the defendant. For the reasons stated, the appeal herein from the judgment of the trial court must be denied and the original judgment of the trial court affirmed.
Judgment affirmed.
DOYLE, P. J., and HUNSICKER, J., concur.
DOYLE, P. J., and BRENNEMAN and HUNSICKER, JJ., of the Ninth Appellate District of Ohio sitting by assignment in the First Appellate District. *Page 1