THE STATE OF OHIO, APPELLEE, v. LACY, APPELLANT.

(No. 1169—Decided May 29, 1975.)

Mr. John J. Malik, prosecuting attorney, for appellee.
Messrs. Cinque, Banker, Lynch & Gromen, and Mr. Harry W. White, for appellant.

LYNCH, P. J. Defendant is appealing his conviction of breaking and entering Ferry Hardware in Martins Ferry, Ohio, in violation of R. C. 2911.13. On October 9, 1974, defendant was arrested for this offense and was incarcerated in jail until the date that his trial commenced, January 9, 1975, which the prosecuting attorney admitted was ninety-two days from the date of defendant's arrest.

On December 18, 1975, defendant filed a motion under Criminal Rule 18(B) to transfer the trial to another jurisdiction. Section 3 of Rule IX of the Belmont County Court of Common Pleas rules of practice and procedure provides as follows:

"All motions and demurrers shall be submitted to the Court on the second Monday next after the filing of the same, unless for good cause shown, the hearing is continued."

Pursuant to this rule, this motion was heard on January 6, 1975, and was overruled. On January 8, 1975, defendant filed a motion that he be discharged because he had

not been brought to trial within the time required by R. C. 2945.71 and 2945.72. This motion was heard by the trial court on January 9, 1975, prior to the start of the trial, and was overruled on the basis that defendant had extended the time within which he was required to be tried by filing his motion for a change of venue, on December 18, 1974.

Defendant's only assignment of error is that the trial court erred in denying his motion to discharge him on the grounds that he had not been brought to trial within the time required by R. C. 2945.71. The syllabus of *State* v. *Walker*, 42 Ohio App. 2d 41, which was decided by this court, reads as follows:

"1. R. C. 2945.71(C)(2) and (D) provide that a person against whom a felony charge is pending shall be brought to trial within ninety days after his arrest, where such person has been held in jail in lieu of bail on the pending charge, unless such time is extended by R. C. 2945.72.

"2. R. C. 2945.72(E) provides that a motion filed by accused may extend the time within which such accused must be brought to trial."

We agree with the trial court that the filing of the December 18th motion by defendant for a change of venue extended the time within which defendant should be brought to trial pursuant to R. C. 2945.72(E). Defendant could not be tried in Belmont County until such motion was heard and decided.

Judge O'Neill dissents on the basis that this case was set for trial on January 9, 1975, by a journalized assignment dated December 12, 1974, and that defendant's December 18, 1974, motion for a change of venue did not delay the trial of this case. Statements by the prosecution tend to support Judge O'Neill's conclusion.

However, the trial judge's right to change defendant's trial date in order to comply with R. C. 2945.71 was suspended from December 18, 1974, to January 6, 1975, by defendant's motion for a change of venue. Moreover, on January 6, 1975, the defendant stated that he needed two witnesses for a proper defense, and the trial judge

gave defendant an opportunity to contact such witnesses.
Plaintiff cites Sup. R. 8(B), as follows:

''All criminal cases shall be tried within six months of the date of arraignment on an indictment or information.''

The authority of the Ohio Supreme Court to superintend all courts of this state is set out in Section 5(A)(1), Article IV, of the Ohio Constitution. The authority of the Ohio Supreme Court to prescribe rules governing practice and procedure in all courts of this state is set out in Section 5(B), Article IV, of the Ohio Constitution, which provides that such rules must be submitted to the General Assembly for approval. If so approved, all laws in conflict with such rules shall have no further force or effect.

There is no provision that Rules of Superintendence have to be submitted to the General Assembly for approval. We hold that paragraph (A)(1) of Section 5, Article IV, of the Ohio Constitution, is independent of paragraph (B) of such section, and that the Ohio Supreme Court Rules of Superintendence do not invalidate any existing statute. If Sup. R. 8(B) came under the provisions of paragraph (B) of Section 5, Article IV, of the Ohio Constitution, we would hold that R. C. 2945.71 is substantive rather than procedural and would still be valid. We overrule defendant's assignment of error.

*Judgment affirmed.*

DONOFRIO, J., concurs.

O'NEILL, J., dissents.

O'NEILL, J., dissenting. This defendant was arrested on October 9, 1974, and charged with a felony. Following a preliminary hearing on October 16, 1974, defendant was bound to the grand jury, which returned an indictment on October 30, 1974. On December 13, 1974, there was filed with the clerk of courts of Belmont County an ''Assignment No. 1, Spring Term 1975.'' This ''Assignment'' indicated that the case of *The State of Ohio* v. *Albert W. Lacy* would come on for trial on Thursday, January 9, 1975. This ''Assignment'' was

entered in the court's journal on December 13, 1974. On December 18, 1974, the defendant filed a motion for a change of venue. A hearing date was not set on this motion. However, on January 7, 1975, the court entered on its journal: "Motion for Change of Venue overruled." On January 9, 1975, there was entered in a journal of the court an entry stating: "This day this cause came on for trial by regular assignment." However, on January 8, 1975, the defendant had filed a motion that he be discharged for the reason that he had not been brought to trial within the time required by R. C. 2945.71 and 2945.72. This motion was heard by the court on January 9, 1975, prior to the start of trial. At the hearing, the prosecution admitted that the trial date was the 92nd day from the date of arrest. The prosecution went on to say that the defendant was indicted October 30, 1974, but that the court's docket was already out for the months of November and December, and, therefore, January 9, 1975, was the very first day that defendant could be brought to trial. The court ruled that, as a result of the motion for a change of venue, filed on December 18, 1974, there had been a delay in bringing the case to trial, and that, pursuant to the pertinent statutes, this was a delay caused by the actions of the defendant. The motion to discharge was overruled.

The reiteration of the preceding facts gleaned from the official file in this case does not support the finding of the court. Prior to the filing of the motion for the change of venue, the state had set this case for trial for January 9, 1975, ninety-two days after the arrest of the defendant. As is noted from journal entries in the file, the case came on for trial upon its assigned date. There is nothing in the official records of the court which indicate that any action of the defendant caused a delay in bringing this case on for trial.

"Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused * * *." R. C. Section 2945.72.

As has been said, there is no recorded period of delay necessitated by reason of defendant's motion. It makes no

one happy to see an obviously guilty felon go free because of an error in procedural calculation. However, the Ohio Supreme Court has attached serious significance to R. C. 2945.71 and 2945.72. That court has defined these statutes as being:

"* * * a protection to the rights of an individual which deeply concerned the authors of our federal and state Constitutions * * *." *State* v. *Gray,* 1 Ohio St. 2d 21, 23.

This "concern" should carry over and be borne by everyone in procedural processing of criminal cases. In the same case, the Supreme Court stated in the first paragraph of the syllabus:

"Sections 2945.71 to 2945.73, inclusive, Revised Code, which prescribed the period of time a person may be detained in jail or held by recognizance without trial after an indictment or information has been returned, are valid legislative enactments, the provisions of which are mandatory and must be *strictly complied with by the state.*" (Emphasis added.)

This language is quite clear and leaves little room for excuses. The state cites Sup. R. 8(B):

"All criminal cases shall be tried within six months of the date of arraignment on an indictment or information."

I am of the opinion that this rule has no application to this case. This rule is primarily aimed at the over all disposition of case loads. It is unconditional and makes no allowance for any type of delay. The effective starting time of this rule is the "date of arraignment on an indictment or information." Very possibly, an accused could be in incarceration well beyond the mandate of R. C. 2945.71 and 2945.72 at the time of arraignment. This fact, alone, obviates my reasoning that this Supreme Court rule has no application, specifically, to this case. A further point to be considered is the fact that Sup. R. 8 (B) has no condition specifying that failure of compliance justifies the discharge of an accused.

I find error on the part of the trial court in overruling defendant's motion for discharge. The judgment should be reversed and defendant ordered discharged.