THE STATE OF OHIO, APPELLEE, *v.* MARTIN, APPELLANT.

(No. 83AP-876—Decided May 24, 1984.)

■■■■■■■■■■■■■■■■■■

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

*Mr. James Kura,* county public defender, and *Mr. Allen V. Adair,* for appellant.

REILLY, J. Defendant, Curtis Martin, appeals from his conviction for aggravated burglary, contending that the court erred in failing to grant his motion to dismiss for failure to provide a speedy trial.

Defendant was paroled in Cleveland on June 10, 1981 from a 1976 conviction and sentence. The event resulting in his present conviction occurred in Columbus on July 13, 1981.

An indictment was returned on the present charge on August 7, 1981. A summons was sent to defendant's last known address in Warrensville, but was returned undelivered. When defendant failed to appear for arraignment on August 21, 1981, a capias was issued for his arrest.

Several weeks thereafter, a Whitehall police detective went to Cleveland and tried to locate defendant. He contacted the parole authority there, but was informed that defendant had failed to report for some time. The detective left a copy of the capias with the parole officer, and asked that he be contacted if defendant was located. He also attempted to find defendant at his aunt's house and at his former place of employment in Cleveland.

Defendant was arrested on different charges and incarcerated in Cleveland on January 21, 1982. On January 22, 1982 the parole authority filed a detainer, and on February 3, 1982 defendant was found to be in violation of his parole. Apparently there was no effort made by the parole authority to contact the Whitehall Police Department.

Defendant pleaded guilty to burglary in Cleveland and was sentenced to five to fifteen years on April 8, 1982. He was sent to the Columbus Correctional Facility on April 14, 1982. Defendant's parole was revoked on November 9, 1982 and his sentence aggregated to thirteen and one-half to eighty years.

The Whitehall police subsequently learned from a routine computer check that defendant was in custody, and, on March 13, 1983 the capias was served on defendant. Defendant was arraigned on April 8, 1983 and on April 15, 1983 he filed his notice of detainment and demand to be tried within one hundred eighty days. Defendant's motion to dismiss was overruled at trial and he entered a plea of no contest to the charge.

Defendant advances the following assignment of error:

"The trial court erred in overruling appellant's motion for dismissal on speedy trial grounds made pursuant to Section 2941.401 of the Revised Code.'

Defendant's assignment of error is not well-taken. Defendant relies upon this court's opinion in *State* v. *Carter* (June 30, 1981), Franklin App. No. 80AP-434, unreported, that R.C. 2941. 401 imposes a duty of reasonable diligence upon the state to attempt to locate and notify an accused of charges pending against him. Absent the exercise of such reasonable diligence, the state cannot rely upon the prisoner's delay in serving the notice of incarceration required in R.C. 2941.401 to avoid dismissal for failure to accord the accused his speedy trial rights. See, also, *State* v. *Floyd* (Oct. 25, 1979), Cuyahoga App. No. 39929, unreported. Defendant asserts that the Whitehall authorities failed to exercise reasonable diligence in attempting to locate him and prosecute the pending charges, between the indictment of August 7, 1981 and his arraignment on April 8, 1983. Thus, he argues,

the charges should have been dismissed for failure to provide a speedy trial.

In this case, there was no indication that the warden of the institution had any knowledge of the pending indictment. Therefore, there was no showing of a violation under R.C. 2941.401. Defendant was tried one hundred eighty days from the date he filed his demand pursuant to that section. Further, the facts of this case are definitely distinguishable from those in *Carter*.

In *Carter*, the detectives conducting the investigation were aware that the defendant was transferred to Akron for trial on charges there, and did not attempt to locate the defendant. The detective in this case, as noted above, acted diligently to locate defendant including contacting his parole officer, serving the capias at his last known residence, his aunt's house and at his last known place of employment. The detective also consulted the Cleveland Police Department, and left a copy of the capias at the parole office so that he could be notified if defendant appeared there.

Moreover, there is no indication that defendant's Sixth Amendment rights were violated. Among the matters to be considered in determining whether a defendant has been deprived of such rights include the length and reason for delay and prejudice to defendant. *Barker* v. *Wingo* (1972), 407 U.S. 514. There was no infringement found in *Barker* where a period of more than five years intervened between defendant's arrest and his conviction.

There was no showing that defendant was prejudiced by the delay, such as by the unavailability of witnesses or lost evidence. He was arrested on the current indictment one year after he was committed to the institution on the charges from Cuyahoga County. Further, the trial court ordered that the sentence in this case run concurrently with that being served by defendant.

Therefore, defendant's assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and NORRIS, JJ., concur.