### State v. Hill
*[Cite as 3 AOA 155]*

*Case No. 88 C.A. 30*
*Mahoning County, (7th)*
*Decided May 2, 1990*

*James A. Philomena, Prosecuting Attorney, Kathi L. McNabb, Asst. Prosecuting Attorney, Mahoning County Courthouse, Youngstown, Ohio 44503, for Plaintiff-Appellee.*

*Paul F. Gambrel, Esq., 303 Legal Arts Centre, Youngstown, Ohio 44503, for Defendant-Appellant.*

DONOFRIO, J.

This is an appeal from the Court of Common Pleas of Mahoning County, Ohio.

On July 24, 1986, defendant-appellant, David M. Hill, was arrested for aggravated arson in violation of R.C. 2902.02(A) (2) and escape in violation of R.C. 2921.34. Besides those charges, he was also being held in the Mahoning County jail on other charges including a probation violation in regard to a previous sexual battery conviction.

On August 22, 1986, appellant was indicted on the aforementioned charges. On September 3, 1986, appellant appeared in court with his attorney and entered a plea of not guilty to the indictment. The matter was set for trial on September 26, 1986. Although the record is not clear, the trial was reset for March 23, 1987 which was still within the 270 day speedy trial right of the appellant.

On October 7, 1986, a hearing in regard to appellant's probation violation was held. On January 7, 1987, appellant was found to be in violation of his probation. On January 15, 1987, appellant was conveyed to the Chillicothe Correctional Institution to serve the balance of his sentence in Case No. 85 CR 406.

On September 3, 1987, appellant was released from the Chillicothe Correctional Institution without being required to post the bond set in the instant case. On October 6, 1987, a bench warrant was issued by the trial court. Appellant was returned to custody on November 24, 1987. The matter was set for trial on January 19, 1988. However, due to appellant's motion to dismiss, the matter was reset until February 8, 1988.

On February 9, 1988, the trial court denied appellant's motion to dismiss. On February 10, 1988, appellant entered a no contest plea to the charge of aggravated arson, and the charge of escape was dismissed. This appeal followed.

Appellant assigns two errors by the trial court. Appellant's first assignment of error states:

"The trial court erred in overruling defendant-appellant's motion to discharge for failure to provide a speedy trial as defined in Ohio Revised Code 2945.71, 2945.72, and 2945.73."

An examination of the record of this case indicates that the matter was set for trial within the 270 day time limitation. However, prior to that timely trial date, appellant entered upon a term of imprisonment for violating the terms and conditions of his probation. Thus, the provisions of Ohio's "speedy trial" statute were no longer applicable and instead this case was governed by the provisions of R.C. 2941.401. In pertinent part, R.C. 2941.401 provides that:

"When a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and when during the continuance of the term of imprisonment there is pend-

ing in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance."

R.C. 2945.71(F) states:

"This section shall not be construed to modify in any way section 2941.401 * * *"

Thus, R.C. 2941.401 is the governing statute.

This court has previously had opportunity to rule upon a similar issue in the case of *State* v. *Adams* (C.A. 7, 1988), Mahoning County Case No. 86 C.A. 174, unreported. In *Adams*, this court held, at page 4, that:

"* * * (T)he appellant in this case, having entered into a term of imprisonment at the time there was a pending untried indictment, * * * (had the) responsibility to serve written notice on the prosecuting attorney that final disposition was requested on those charges." (Insert added.)

For the foregoing reasons we overrule appellant's first assignment of error.

Appellant's second assignment of error states:

"Dependant-appellant was denied his rights as they arise under Ohio Revised Code 2941.401 and therefore is entitled to be discharged."

Appellant argues that he was not given notice of the untried indictment as required by R.C. 2941.401. This argument is clearly without merit. There is no question that appellant was aware of the charges pending against him. He had appeared in open court with an attorney and entered a not guilty plea to the aggravated arson and escape charges.

In support of his argument, appellant cites this court to the case of *State* v. *Carter* (C.A. 10, 1981), Franklin County Case No. 80AP-434, unreported. However, the *Carter* case is readily distinguishable from this present appeal.

In *Carter*, the defendant did not have any notice of the untried indictments pending against him and, therefore, could not make a written request for a speedy disposition. In the instant case, appellant had knowledge of the untried indictment, as well as appointed counsel on the charges, yet nevertheless failed to take any affirmative act to obtain a speedy disposition. In

a case cited by appellant, *State, ex rel. Lotz* v. *Hover*, (1962), 174 Ohio St. 68, at 71, the Supreme Court of Ohio stated:

"It is equally well established that this right to a speedy trial does not automatically accrue to the accused. It depends on positive action on his part; he must act affirmatively to procure such trial, or otherwise he waives his right thereto."

It is important to note that *Lotz* dealt with an individual who was incarcerated in a penal institution and was arguing that he was denied a speedy trial in regard to untried indictments pending against him. As *Lotz* had taken some affirmative actions, the court granted him relief. In this present appeal, appellant had knowledge of such untried indictments and yet did nothing to secure a speedy disposition.

The Franklin County Court of Appeals, subsequent to its decision in *Carter*, decided a similar matter which set forth the dictates of R.C. 2941.401. In *State* v. *Martin* (1984), 16 Ohio App. 3d 172, the court held that:

"R.C. 2941.401 imposes a duty of reasonable diligence upon the state to attempt to locate and notify an accused of charges pending against him. Absent the exercise of such reasonable diligence, the state cannot rely upon the prisoner's delay in serving the notice of incarceration required in R.C. 2941.401 to avoid dismissal for failure to accord the accused his speedy trial rights."

The appellate court then went on to distinguish *Martin* from *Carter* due to the fact that in *Carter* the prosecution made no attempt to notify the defendant of the untried indictment. Additionally, the *Martin* court found that there was no violation under R.C. 2941.401 as there was no indication that the warden of the institution had any knowledge of the pending indictment. *Id.* at 174. Thus, the court viewed this matter within the terms of the Sixth Amendment and found that the defendant had not been deprived of any constitutional right to a speedy trial.

In essence, as in *Martin*, this case must be examined from an analysis of the Sixth Amendment. Thus, the appellant must rely on constitutional grounds to prove that he was denied his right to a speedy trial. In *Barker* v. *Wingo* (1972), 407 U.S. 514, the United States Supreme Court adopted a balancing test to determine whether or not a defendant has received a speedy trial. The balancing test consists of four criteria which are: length of delay, reason for delay, the defendant's assertion of his right, and prejudice to the defendant.

In applying the balancing test to the instant case, it is clear that appellant's speedy trial rights were not violated. Appellant, although with knowledge of the untried indictment, never asserted his right to a speedy disposition.

For the foregoing reasons we overrule appellant's second assignment of error and accordingly affirm the judgment of the trial court.

*Judgment affirmed.*

O'NEILL, P.J., and COX, J., concur.