OPINION
On May 1, 1994, appellant Curtis Schwartz was arrested and charged with DUI, Driving Without an Operator's License, and Speeding. He appeared for arraignment, but did not appear for trial. Due to appellant's failure to appear for trial, the Coshocton Municipal Court issued a warrant for his arrest.
On the day scheduled for trial, appellant was incarcerated at the Chillicothe Correctional Institution. On August 8, 1996, appellant filed a pro se request for trial pursuant to R.C.2941.401. The court did not honor the request for disposition.
On April 17, 1997, appellant was released from the correctional facility. On this date, the Coshocton County Sheriff's office sent a deputy to the correctional facility to arrest appellant on the outstanding warrant. Appellant was transported to Coshocton and brought before the court for trial.
Appellant filed a motion to dismiss for violation of his right to a speedy trial, pursuant to R.C. 2941.401. The court denied the motion, finding that the statute does not apply to a proceeding in a municipal court. Appellant then entered pleas of no contest to the pending charges. He assigns a single error on appeal:
ASSIGNMENT OF ERROR:
 THE DEFENDANT WAS NOT TRIED WITHIN THE STATUTORY TIME LIMITS IN ORC 2945.71(B)(2) AND/OR ORC 2941.401.
R.C. 2941.401 provides in pertinent part:
 When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner. . . .
 If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice. . . .
It is undisputed that appellant was not tried within 180 days of his August 8, 1996 request for final disposition pursuant to R.C. 2941.401. The only issue is whether the statute applies to a misdemeanor case.
There is nothing in the statute to suggest that it does not apply to a prisoner charged with a misdemeanor. Further, appellee cites no case law to support the proposition that the statute is inapplicable to a misdemeanor case.
The court concluded that because R.C. 2941.401 makes no provision for transporting a state prisoner to a municipal court for trial, the court was without statutory authority to obtain the defendant's presence at trial, excusing the court's compliance with R.C. 2941.401. The court concluded that the defendant had no right to trial until his release from confinement, as the municipal court lacked statutory authority to order the prisoner transported for trial.
The Court of Appeals for Pickaway County addressed this issue in dicta in State vs. Drenner (July 24, 1985), Pickaway App. No. 85-CA-7, unreported. Although the court did not reach the merits of the appeal, the court expressed grave doubts concerning appellee's interpretation of R.C. 2941.401. The court concluded that such an interpretation would require the court to declare that a prison inmate has no enforceable speedy trial rights in a misdemeanor case, in clear derogation of the express language of R.C. 2941.401. Id. at page two. The court concluded that the legislative history of the Speedy Trial Act demonstrates that the ability to transport convicts for trial was intended to be commensurate with the right of the convict to be tried. Id.
Appellee's position in the instant case is inconsistent with the well-settled law of Ohio that the speedy trial statute is to be strictly construed against the State. State vs. Gray (1964),1 Ohio St.2d 21. In the absence of an express showing that the statute does not apply to a pending misdemeanor, we conclude that R.C. 2941.401 does apply in the instant case. As appellant complied with the provisions of R.C. 2941.401, the State was required to try him within 180 days of August 8, 1996. As the court did not try him within such time, the court lost jurisdiction over the charges.
The Assignment of Error is sustained.
Pursuant to App.R. 12 (B), we hereby enter final judgment vacating the judgments of conviction and sentence, and dismissing the charges against appellant.
By: Reader, J. Gwin, P. J. and Hoffman, J. concur.
 JUDGMENT ENTRY
CASE NO. 97-CA-11
For the reasons stated in the Memorandum-Opinion on file, pursuant to App.R. 12 (B), we hereby enter final judgment vacating the judgments of conviction and sentence, and dismissing the charges against appellant. Costs to appellee.