JOURNAL ENTRY and OPINION
The State appeals the trial court's decision which granted defendant-appellee Victor Rivas' motion to dismiss the indictment. For the reasons below, we affirm.
On October 20, 1998, the Cuyahoga County Grand Jury returned a twenty-one count indictment against Rivas charging him with kidnapping, rape, gross sexual imposition and disseminating matter harmful to juveniles. At the time of the indictment, Rivas was incarcerated at the Madison Correctional Institution. He was serving a six to twenty-five year sentence stemming from unrelated rape convictions.
At the time of the indictment, the State was aware that Rivas was incarcerated, however, it erroneously believed that Rivas was being held in the Grafton Correctional Institution. As such, two days after the indictment, the State sent the notice of the indictment to the Grafton Correctional Institution. The envelope was returned to the clerk of courts and marked not here cannot identify.
No further action was taken by the State until September 17, 1999, when the trial court issued a capias ordering that Rivas be transported from the Madison Correctional Institution to Cuyahoga County.
On October 1, 1999, nearly a year after indictment, Rivas was returned for arraignment. The record contains no explanation for the delay. The only explanation offered by the State was that Cuyahoga County law enforcement officials serve the largest and busiest county in Ohio and that the police had been informed that Rivas was not located at Grafton Correctional Institution. However, no explanation is offered as to why, after being provided this information, the State failed to take further steps to locate Rivas.
The trial court rejected the State's arguments and held that because the State had not exercised reasonable diligence to inform Rivas of the indictment in the present case, it violated Rivas' rights to a speedy trial under R.C. 2941.401. Consequently, the court dismissed the charges against Rivas.
On appeal, the State assigns a single error:
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS ON THE GROUNDS THAT APPELLEE'S RIGHT TO A SPEEDY TRIAL HAD BEEN VIOLATED.
In its brief, the State argues that because the trial court did not specifically find that the State failed to exercise reasonable diligence as required by the case law interpreting R.C. 2941.401, no violation of Rivas' speedy trial rights occurred. We disagree.
R.C. 2941.401 is regarded by the legislature as a part of the Revised Code's speedy trial requirements. State v. Ramey (Mar. 14, 1996), Cuyahoga App. No. 69080, unreported; City of Lakewood v. Acord (Feb. 22, 1996), Cuyahoga App. No. 68566, unreported; State v. Floyd (Oct. 25, 1979), Cuyahoga App. No. 39929, unreported. Section 2941.401 gives special speedy trial rights to an accused who is imprisoned on a different charge at the time of his indictment. Floyd. R.C. 2941.401 provides:
 When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
* * *
 The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.
* * *
 If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.
On its face, the 180-day provision does not apply unless and until the accused requests final disposition of the matter. However, the statute would have no meaning if the State could circumvent its requirements by not sending notice of an indictment to the warden of the institution where the accused is imprisoned. State v. Brown (1998),131 Ohio App.3d 387, 722 N.E.2d 594; State v. Miller (1996),113 Ohio App.3d 606, 609, 681 N.E.2d 970, 972; Acord, citing, Floyd; see also, Ramey, supra. Thus, in order to understand its requirements, R.C.2941.401 must be read together with the speedy trial provisions. Floyd.
 It is settled that the speedy trial statutes must be strictly construed against the State. Brecksville v. Cook (1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709; State v. Gray (1964), 1 Ohio St.2d 21; State v. Brown, 131 Ohio App.3d 387, 722 N.E.2d 594.
The State is prohibited from engaging in practices which undercut the intent and purposes of the speedy trial statutes. State v. Lee (1976),48 Ohio St.2d 208, 209; State v. Pudlock (1975), 44 Ohio St.2d 104, 106; Ramey; Acord; Floyd; State v. Reeser (Aug. 2, 1979), Cuyahoga App. No. 38802, unreported.
Thus, we hold that the State cannot avoid the requirements of R.C.2941.401 by neglecting or refusing to send a copy of the indictment to the warden of the accused's institution of incarceration. State v. Brown, 131 Ohio App.3d 387, 722 N.E.2d 594; State v. Miller,113 Ohio App.3d at 609, 681 N.E.2d at 972, quoting Floyd.
R.C. 2941.401 imposes a duty of reasonable diligence upon the State to attempt to locate and notify the accused of the charges pending against him. State v. Martin (1984), 16 Ohio App.3d 172; State v. Mallory (Oct. 15, 1987), Cuyahoga App. No. 53979, unreported.
In the case at hand, the State failed to exercise the requisite reasonable diligence. The State knew at the time of the indictment that Rivas was in prison in Ohio, and even after being notified that Rivas was not at the Grafton Correctional Institution, it failed to attempt to determine in which prison he was located. The State was eventually able to find Rivas at the Madison Correctional Institution, and has presented no evidence to establish why it took so long to do so. Further, the prosecutor stated at the hearing on the motion to dismiss that Ohio generally houses sex offenders at the Madison Correctional Institution. This serves as further evidence that had the State exercised reasonable diligence in attempting to locate Rivas, it would have been able to do so within the requisite time period.
Thus, we conclude that the eleven-month delay between indictment and arraignment was unjustified, when throughout that time Rivas was imprisoned in Ohio, and the State knew that fact, but failed to take steps necessary to determine his exact location. Consequently, we hold that the State did not exercise reasonable diligence in trying to discover where Rivas was incarcerated in Ohio, and therefore conclude that the State, through its negligence, denied appellee his speedy trial rights under R.C. 2941.401.
Accordingly, the judgment of the trial court dismissing the charges against Rivas is affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ COLLEEN CONWAY COONEY, J.:
FRANK D. CELEBREZZE, JR., P.J., and JAMES J. SWEENEY, J., CONCUR