JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Bridgette Boone appeals her jury trial conviction for felonious assault and domestic violence. Because she was not brought to trial within the statutorily required time limit, we vacate her conviction.
 {¶ 2} When she was indicted on the charges in the case at bar, defendant was incarcerated in Ohio for another crime. She was indicted on May 4, 2001 and a capias was issued on May 22, 2001. The summons was mailed to an east side address. There is no evidence that the state took any further action to notify her of the charges against her.
 {¶ 3} On October 31, 2001, 179 days after her indictment, defendant filed a notice with the court that she would not waive her right to a speedy trial. She was arraigned on November 20, 2001, 200 days after her indictment. Although the first pretrial was held on December 14, 2001, her counsel did not make an appearance until December 20, 2001.
 {¶ 4} Defendant's trial finally was held on January 28, 2002. The jury convicted her on both counts in the indictment. On appeal, defendant states ten assignments of error. Because the first assignment of error is dispositive of the case, we address only that one. For her first assignment of error, defendant states:
 {¶ 5} "I. Ms. Boone was denied her rights to effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution by virtue of her counsel's failure to move to dismiss the instant case for want of speedy trial."
 {¶ 6} Trial counsel did not raise the speedy trial issue below. Unless defendant can demonstrate plain error, this court need not review an issue which was not raised at trial. State v. Smith, Cuyahoga App. No. 76692, 2001 Ohio App. LEXIS 4213, at *5. Plain error requires a two-part analysis. First, did the speedy trial deadline expire before defendant was arraigned, much less tried, and, second, does counsel's failure to raise the issue at the trial court constitute ineffective assistance.
 {¶ 7} Assistance of counsel is considered ineffective if it was deficient and also that deficiency prejudiced defendant. Strickland v.Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 137; State v. Lytle (1976), 48 Ohio St.2d 391. If the outcome of defendant's case probably would have been different but for counsel's error, counsel's assistance was ineffective. Id.
 {¶ 8} This court has held that counsel's failure to file a motion to dismiss the indictment — a motion based on the delay between the filing of the indictment and the service of the summons — constitutes ineffective assistance of counsel. State v. Manos (Jan. 15, 1998), Cuyahoga App. No. 64616. See also State v. Taylor (Oct. 5, 2001), Lucas App. No. L-98-1375, 2001 Ohio App. LEXIS 4503. In Manos, the record showed only one summons for defendant, which was returned as "no such number." The state took no further action in Manos.
 {¶ 9} In the case at bar, defendant was indicted on May 4, 2001. Appellant and appellee agree that a summons was issued for an arraignment date of May 22, 2001 and that service of the summons was returned to the court as non-delivered. The record shows that a capias was issued against defendant when she failed to respond to the summons.
 {¶ 10} The record also contains a letter defendant sent, dated October 25, 2001, indicating that her husband received the summons, but that she had "just become aware of this summons" and had "little knowledge" of its contents. The letter was sent from Northeast Pre-Release Center. The letter further states that she had been incarcerated at the Ohio Reformatory for Women beginning April 25, 2001 and that she would be released April 2, 2002.
 {¶ 11} No one disputes that at the time of her subsequent arraignment — November 20, 2001 — defendant was incarcerated. By that time, 200 days had passed since her indictment.
 {¶ 12} If a defendant's speedy time has expired before the defendant is brought to trial, the conviction must be set aside, the sentence vacated, and the indictment dismissed. Strunk v. U.S. (1973),412 U.S. 434. The statute controlling the timing for a speedy trial for an incarcerated defendant is R.C. 2941.401:
 {¶ 13} "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
 {¶ 14} "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
 {¶ 15} "The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.
 {¶ 16} "Escape from custody by the prisoner, subsequent to his execution of the request for final disposition, voids the request.
 {¶ 17} "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.
 {¶ 18} "This section does not apply to any person adjudged to be mentally ill or who is under sentence of life imprisonment or death, or to any prisoner under sentence of death."
 {¶ 19} The Supreme Court of Ohio has consistently held that speedy trial statutes are to be strictly construed against the state.Brecksville v. Cook (1996), 75 Ohio St.3d 53. Additionally, it is well settled that R.C. 2941.401 is a specific statute which prevails over the general statutes governing speedy trial rights. State v. Fox (Oct. 22, 1992), Cuyahoga App. No. 63100, 1992 Ohio App. LEXIS 5358; State v. Cox, Jackson App. No. 01CA10, 2002-Ohio-2382.
 {¶ 20} This court has consistently held that the state must make a reasonable effort to contact an incarcerated defendant after indictment.[1] Although the statute does not explicitly impose an affirmative duty on the state to notify defendant of the charges against her, "the statute would have no meaning if the state could circumvent its requirement by not sending notice of an indictment to the warden of the institution where the accused is imprisoned." State v. Floyd (Oct. 25, 1979), Cuyahoga App. No. 33929, 1979 Ohio App. LEXIS 10194, at *7-8.
 {¶ 21} We note, however, that the courts of this state are divided concerning whether the state has a duty to exercise reasonable diligence in notifying an incarcerated defendant of the indictment against him. The Ninth Appellate District consistently holds that unless an incarcerated defendant follows the requirements of R.C. 2941.401, regardless of whether the prosecutor made any effort to serve the defendant in jail, the speedy trial time is not triggered. The Second, Eleventh[2], and Twelfth Districts have also followed this view.[3]
 {¶ 22} This district, however, along with the Fourth, Fifth, and Tenth (and, at times, the Eleventh) Districts have found the state has a duty to exercise reasonable diligence in notifying incarcerated defendants of the charges against them.
 {¶ 23} The Ohio Supreme Court has held that speedy trial statutes "constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." State v. Pachay (1980), 64 Ohio St.2d 218, 18 O.O.3d 427,416 N.E.2d 589, syllabus. "Therefore, the speedy trial statutes and the constitutional guarantees found in the United States and Ohio Constitutions are coextensive." State v. O'Brien (1987), 34 Ohio St.3d 7,9. "Throughout the long history of litigation involving application of the speedy trial statutes, this court has repeatedly announced that the trial courts are to strictly enforce the legislative mandates evident in these statutes. * * * This court's announced position of strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial." Pachay, supra, at 221, citations omitted. The legislature may provide greater rights to its citizens than those found in the Constitution. For example, in providing counsel to defendants accused of DUI, "Ohio statutes afford a greater right to consult with an attorney than either the Ohio or federal constitutions." Seigwald v. BMV (1974),40 Ohio App.2d 313, 324.
 {¶ 24} Similarly here, the legislature can enact statutes which grant greater rights to accused persons than the minimum threshold found in the Constitutions. The courts which agree that the state has a duty, under the statute, to notify an incarcerated defendant consider the state to have met its burden of notice if the state exercised reasonable diligence in trying to notify defendant. State v. Martin (1984),16 Ohio App.3d 172.
 {¶ 25} In the case at bar, the record contains no evidence that the state made any effort beyond attempting service at an east side address. "It is well-settled that the state's mailing of a summons and a capias to a defendant's last known address does not comport with the requirement of `reasonable diligence.'" State v. Riemer (Sept. 6, 2001, Cuyahoga App. No. 78952, 2001 Ohio App. LEXIS 3957, at *9. As this court noted in Riemer, "`we are cognizant that the state may be unaware that an indictee is already imprisoned on a different charge, and therefore conclude that the state meets its burden under § 2941.401 if it exercises `"reasonable diligence"' to discover if the indictee is imprisoned within the state.'" Id, quoting State v. Miller (1996),113 Ohio App.3d 606, 609.
 {¶ 26} In a similar case in which the sheriff's office attempted service at defendant's last known address but made no further effort to locate him when he was not found there, this court stated, "we cannot hold that the state exercised reasonable diligence to discover if appellee was incarcerated in the state, and therefore conclude that the state, through its negligence, denied appellee his speedy trial rights under section 2941.401 and sections 2945.71 — 2945.73." State v.Davis (April 30, 1987), Cuyahoga App. No. 52030, 1987 Ohio App. LEXIS 6916, at *6. See also State v. Floyd (Oct. 25, 1979), Cuyahoga App. No. 39929, 1979 Ohio App. LEXIS 10194.
 {¶ 27} Indeed, nothing in the record shows that the state ever notified the warden or that the warden ever notified defendant of the indictment. In her motion for appointment of counsel, defendant states that she has "little knowledge in regards to the contents of" the summons against her. In fact, she states that she had "just become aware of this summons," and requests the court to send her a copy of it. The record does not indicate whether the state took any steps after the summons was returned undelivered.
 {¶ 28} Of the courts holding that the state has to exercise reasonable diligence, there is disagreement concerning when that speedy trial time begins. This court, along with the Fifth and Tenth Districts, has held the time starts at indictment.[4] The Eleventh District, on the other hand, has held that the time starts at arraignment.[5] The Fourth District has held that it depends upon the circumstances.
 {¶ 29} We see no reason to deviate from this court's prior precedent: that is, the state has an affirmative duty to exercise reasonable diligence in serving an incarcerated defendant who is in an Ohio State prison and, if the state fails in this duty, the speedy trial time begins to run at the time of the incarcerated defendant's indictment.
 {¶ 30} The state argues that because defendant was not prejudiced by the less-than-one-year delay in her trial, her speedy trial rights were not violated.[6] We disagree. As the Floyd court noted, the delay prevented defendant from serving his sentence for the two cases concurrently. See also Smith v. Hooey (1969), 393 U.S. 374. Similarly, defendant in the case at bar was serving a sentence which ended on April 1, 2002. She was not tried for this case until January 28, 2002 and was sentenced to a two-year term on March 13, 2002, less than a month before her first sentence expired. If she had been tried within 180 days of her indictment, that is, by early August, and if her sentences were concurrent, she could have already served seven months of her sentence in this case before her sentence in the prior case was completed.
 {¶ 31} From the face of the record there is clearly a speedy trial problem, unless the state can demonstrate it exercised due diligence in notifying defendant of the indictment, which occurred while she was incarcerated. State v. Fitch (1987), 37 Ohio App.3d 159, App.R. 12(A). The time for measuring a speedy trial began with the indictment on May 4, 2001. More than 180 days elapsed before she was arraigned on November 20, 2001. From the face of this record, we conclude that appellant's counsel was ineffective in failing to file a motion to dismiss the indictment. We therefore sustain the first Assignment of Error.
 {¶ 32} We follow our previous holding in State v. Manos, supra: "Appellant was denied the effective assistance of trial counsel because trial counsel did not file a motion to dismiss the indictment based on the delay between the filing of the indictment and the service of the summons." As in Manos, we reverse appellant's conviction, vacate her conviction, and remand this case for further proceedings.
This cause is reversed, vacated and remanded.
It is, therefore, ordered that appellant recover of appellee her costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., concurs in judgment only; JAMES J. SWEENEY, J.,concurs.
[1] State v. Wangul, Cuyahoga App. No. 79393, 2002 Ohio 589; State v.Rivas, Cuyahoga App. No. 78166, 2001 Ohio App. LEXIS 2075; State v.Riemer, Cuyahoga App. No. 78952, 2001 Ohio App. LEXIS 3957; State v.Davis, Cuyahoga App. No. 52030, 1987 Ohio App. LEXIS 6916; State v.Floyd, Cuyahoga App. No. 39929, 1979 Ohio App. LEXIS 10194.
[2] The Eleventh District has also held that the state has a duty and that if defendant is not properly notified, then the speedy trial time begins at arraignment.
[3] For the Second District ruling, see State v. Benson, Montgomery App. No. 11374, 1990 Ohio App. LEXIS 714. For the Ninth District rulings, see State v. Grant (1995), 103 Ohio App.3d 28; State v. Worthy, Lorain App. No. 96CA006576, 1997 Ohio App. LEXIS 2042; State v. Alston, Lorain App. No. 97CA006727, 1997 Ohio App. LEXIS 4745; State v. Auterbridge, Lorain App. No. 97CA006702, 1998 Ohio App. LEXIS 672; State v.Merriweather, Lorain App. No. 97CA006693, 1998 Ohio App. LEXIS 2133;State v. Campbell, Lorain App. No. 97CA006973, 1999 Ohio App. LEXIS 3259; State v. Ismail, Medina App. No. 2998-M, 2001 Ohio App. LEXIS 5. For the Eleventh District, see State v. Miller (1996), 113 Ohio App.3d 606. For the Twelfth District, see State v. Himes, Clermont App. No. CA88-01-007, 1988 Ohio App. LEXIS 4877.
[4] For the Fourth District, see State v. Green (June 10, 1998), Ross App. No. 97 CA 2308, 1998 Ohio App. LEXIS 2772; State v. Brown (1998),131 Ohio App.3d 387; State v. Cox, Jackson App. No. 01CA10, 2002 Ohio 2382. For the Fifth District, see State v. Fitch (1987), 37 Ohio App.3d 159. For the Eight District, see State v. Floyd (Oct. 25, 1979), Cuyahoga App. No. 39929, 1979 Ohio App. LEXIS 10194; State v. Davis (April 30, 1987), Cuyahoga App. No. 52030, 1987 Ohio App. LEXIS 6916; Astate v.Rivas (May 10, 2001), Cuyahoga App. No. 78166, 2001 Ohio App. Lexis 2075; State v. Riemer (Sept. 6, 2001), Cuyahoga App. No. 78952, 2001 Ohio App. LEXIS 3957; State v. Wangul, Cuyahoga App. No. 79393, 2002 Ohio 589. For the Tenth District, see State v. Carter (June 30, 1981), Franklin App. No. 80AP-434, 1981 Ohio App. LEXIS 14391; State v. Crawford (Jan. 16, 1996), Franklin App. No. 95APA07-864, 1996 Ohio App. LEXIS 107; Statev. Rollins (Nov. 17, 1992), Franklin App. No. 92AP-273, 1992 Ohio App. LEXIS 5810; State v. Martin (1984), 16 Ohio App.3d 172.
[5] For the Fourth District, see State v. Nero (April 4, 1990), Athens App. No. 1392, 1990 Ohio App. Lexis 1383; State v. Curry (Sept. 30, 1997), Scioto App. No. 95CA2339, 1997 Ohio App. LEXIS 4495; State v.Heyward (May 18, 1998), Pickaway App. No. 96CA42, 1998 Ohio App. LEXIS 2270. But see, State v. Kuhn (June 10, 1998), Ross App. No. 97 CA 2307; 1998 Ohio App. LEXIS 2765. For the Eleventh District, see State v.Pesci, Lake App. No. 2001-L-026, 2002 Ohio 7131; State v. Jackson, Trumbull App. No. 2002-T-0169, 2003 Ohio App. LEXIS 190.
[6] The state relies on the analysis of the Ninth Appellate District case State v. Auterbridge (Feb. 25, 1998), Lorain App. No. 97CA006702, 1998 Ohio App. LEXIS 672. The Ninth District, however, does not require "reasonable diligence."