**GLIC REAL ESTATE HOLDING, L.L.C.,**

v.

**2014 BALTIMORE–REYNOLDSBURG ROAD, L.L.C.**

Court of Common Pleas of Ohio,
Franklin County.

No. 09CVH–03–3901.

Decided April 10, 2009.

Blomgren & Bobka Co., L.P.A., Gilbert E. Blomgren, and Jeffrey T. Kalniz, for plaintiff.

Allen Kuehnle Stovall & Neuman L.L.P., Thomas R. Allen, and J. Matthew Fisher, for defendant.

FRYE, Judge.

{¶ 1} This case arose from a commercial loan between two business entities. A legal issue has arisen relating to the assignment of the case to the commercial docket of this court, which began operation earlier this year under the auspices of the Supreme Court of Ohio.[1]

{¶ 2} The promissory note memorializing the loan contained a cognovit provision. That provision was used to obtain a judgment on the loan for approximately $1.75 million in March. As is customary with cognovit-note cases, the judgment was entered on the same day that the case was filed. It was entered by another judge of this court serving that week as the court's duty judge. The duty-judge responsibility rotates week-by-week through all judges in this court. For many years, cognovit note cases have routinely been routed directly to the duty judge serving when the case is filed.

{¶ 3} The judgment rendered in this case was challenged with a Civ.R. 60(B) motion. Once that occurred, the case was formally transferred to the undersigned as a commercial-docket judge.

{¶ 4} Defendant has raised several arguments premised upon the factual dealings between the parties. Those are still being briefed and will be addressed at a hearing early next month. Separately, defendant argues a purely legal question of whether this judgment is void because it should have been rendered by a commercial-docket judge, not the duty judge sitting the day the case was brought. Defendant argues that "the Court did not have jurisdiction to issue a decision" because it was not yet on the commercial docket.

{¶ 5} Since it was created in January 2009, arguments have been raised in several cases that the assignment of cases to the commercial docket is a jurisdictional requirement. Thus, it is argued, rulings may be made only in cases otherwise meeting the criteria for the commercial docket by one of the two judges in Franklin County specifically assigned to the docket by the Chief Justice of the Supreme Court of Ohio.

■ {¶ 6} While the judgment challenged in this case was not rendered by a commercial-docket judge, that fact has no jurisdictional significance. The temporary rules of superintendence do not demand that commercial cases only be decided by a commercial judge, failing which they are void or voidable. Instead, those rules are concerned with case-assignment and case-management procedures. They do not—indeed could not—alter the jurisdiction of the court.

---

1. The commercial docket was created as a pilot project in this and three other Ohio courts of common pleas pursuant to Temp.Sup.R. 1.01 through 1.11.

{¶ 7} The superintendence rules were promulgated pursuant to Section 5(A)(1), Article IV of the Ohio Constitution. Sup.R. 1(B). That constitutional provision authorizes the Chief Justice of the Supreme Court to exercise "general superintending power * * * in accordance with rules promulgated by the supreme court." It has been recognized "that paragraph (A)(1) of Section 5, Article IV, of the Ohio Constitution, is independent of paragraph (B) of such section, [separately authorizing rules governing practice and procedure in all courts, and providing that those rules override laws in conflict with them] and that the Ohio Supreme Court Rules of Superintendence do not invalidate any existing statute." *State v. Lacy* (1975), 46 Ohio App.2d 215, 217, 75 O.O.2d 376, 348 N.E.2d 381. Similarly, it has been recognized that superintendence rules relative to case assignments between judges are not jurisdictional, creating only " 'housekeeping rules which are of concern to the judges of the several courts but create no rights' " in litigants. *State v. Bristow,* Scioto App. Nos. 07CA3186 and 07CA3187, 2009-Ohio-523, 2009 WL 282080, ¶ 38–40, quoting *State v. Gettys* (1976), 49 Ohio App.2d 241, 243, 3 O.O.3d 286, 360 N.E.2d 735.

{¶ 8} The jurisdiction of common pleas courts is established by Section 4, Article IV of the Ohio Constitution and, secondarily, by various statutes, including R.C. 2305.01. "[C]ourts of common pleas * * * are ones of original and general jurisdiction." *Schwarz v. Bd. of Trustees of Ohio State Univ.* (1987), 31 Ohio St.3d 267, 272, 31 OBR 493, 510 N.E.2d 808. The temporary rules creating commercial dockets neither purport to alter this court's jurisdiction, nor could they have such an impact under the Ohio Constitution. Accordingly, to the extent that defendant's Civ.R. 60(B) motion is premised upon the view that the cognovit judgment was entered in the absence of jurisdiction, it is denied.

Motion denied.